◼ In the Matter of FELIX VEGA, Individually and on Behalf of His Minor Children, Appellant, v. GEORGE K. WYMAN, as Commissioner of the Department of Social Services, et al., Respondents.— In a proceeding to compel reinstatement of petitioner's eligibility to receive public assistance, he appeals from a judgment of the Supreme Court, Kings County, entered November 10, 1969, which dismissed the petition without prejudice. Appeal dismissed as moot, without prejudice to the institution of further proceedings to review administrative action taken subsequent to the argument of this appeal, and without costs. Beldock, P. J., Christ, Hopkins, Munder and Martuscello, JJ., concur.

◼ In the Matter of VILLAGE OF SPRING VALLEY, Respondent, v. VILLAGE OF SPRING VALLEY HOUSING AUTHORITY, Respondent, and JOSEPH BURT et al., Intervenors-Appellants.— In this proceeding pursuant to section 57 of the Public Housing Law by the Village of Spring Valley (Village) to dissolve the Village of Spring Valley Housing Authority (Authority), the appeal, as limited by appellants' brief, is from so much of an order of the Supreme Court, Rockland County, entered October 15, 1969, as denied their separate motions for leave to intervene as parties respondent in the proceeding and to serve proposed answers. Originally only the appeal by Joseph Burt and Priscilla Burt was perfected; however, upon the subsequent written stipulation of the attorneys for all the respective parties, including appellants, dated November 10, 1969, the determination herein covers as well the appeal by David R. Wilson, Thelma M. Wilson and Spring Valley Chapter NAACP, both appeals are consolidated, and the caption of the appeal is amended to conform with the caption of the stipulation. Order reversed insofar as appealed from, on the facts and the law and in the exercise of this court's discretion, without costs, and motions granted. Appellants' proposed answers to the petition shall be served within 10 days after entry of the order hereon. The Authority was established, pursuant to a special statute enacted on April 9, 1962 (L. 1962, ch. 406), as a public agency to construct and maintain public housing in the Village of Spring Valley for the benefit of low-income residents of the village and to alleviate slum conditions in the village. It consented to the motions to intervene. The village opposed. Appellants contend that they are low-income persons residing in substandard housing in a ghetto slum area of the village and seek to intervene individually and as representatives of the other low-income persons residing in slum areas of the village. We are of the opinion that the motions to intervene should have been granted as a matter of discretion under CPLR 1013 as there are common questions of law and fact raised by the Authority's and appellants' proposed respective answers, to wit: (a) the Authority's statutory right to continue as a public housing agency; (b) the Authority's right to seek to improve housing facilities for low-income persons who reside in the village; (c) the implementation of the Authority's intention to create public housing facilities for such low-income persons; and (d) the constitutional rights of such low-income persons to obtain adequate housing through the agency of the Authority. In our opinion the intervention will not unduly delay the proceeding or prejudice the substantial rights of any party. Moreover, we find that under the circumstances of this case the motions to intervene should also have been granted under CPLR 1012. Appellants' interests in this matter may not be adequately represented by the Authority and their interests would or may be bound by the judgment which will be rendered in this proceeding. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.