IRWIN KUPFERMAN et al., Doing Business as GARNERVILLE HOME FOR ADULTS, Respondents, v NEW YORK STATE BOARD OF SOCIAL WELFARE et al., Appellants.

Third Department, March 8, 1979

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (William J. Kogan* and *John J. Warner, Jr.,* of counsel), for appellants.

*DeGraff, Foy, Conway & Holt-Harris (Michael T. Wallender* of counsel), for respondents.

*Charles J. Hynes, Deputy Attorney-General (Hillel Hoffman* of counsel), *amicus curiae.*

### OPINION OF THE COURT

GREENBLOTT, J.

Plaintiffs, owners and operators of the Garnerville Home for Adults, a private proprietary home for adults (PPHA) licensed by New York State, provide board, lodging and certain personal services for recipients of supplemental security income (SSI) benefits. In their admission agreements with the home, the recipients contracted to pay their "SSI payment level" if unable to pay the private rate established by the home.

Effective July 1, 1977, chapter 431 of the Laws of 1977 added section 131-o to the Social Services Law establishing "personal allowance accounts" for SSI recipients receiving family care or residential care as defined in subdivision 3 of section 209 of the Social Services Law. These personal allowances have two components: (1) an $18 per month increase over prior benefit levels provided by the State (Social Services Law, § 131-o, subd 1); and (2) the amount of the recipient's income which is disregarded in determining eligibility for SSI benefits pursuant to subdivision 5 of section 209 of the Social Services Law and subdivision (b) of section 1382a of title 42 of the United States Code (Social Services Law, § 131-o, subd 7). The purpose of the personal allowance is to enable residents of

facilities such as PPHA's to pay for personal items such as clothing, transportation, and other incidentals not provided by the home. It may not be used to pay for the SSI recipients' basic care at the private proprietary home (Social Services Law, § 131-o, subd 2). This statute changes previous law to the extent that "income disregards", as described above, were in the past used to cover the costs of residential care. Personal allowance accounts must be maintained by the residential facility at the option of the recipient.

Plaintiffs instituted this declaratory judgment action seeking a judgment declaring chapter 431 unconstitutional on its face and as applied, and permanently enjoining its enforcement. Special Term held that that part of chapter 431 (Social Services Law, § 131-o, subd 7) which restricts the use of income disregard funds was invalid. The court stated that the income disregard funds used to calculate SSI benefits were not funded by the State, and concluded that since the Social Security Administration and Federal regulations do not allow for any of the Federal portion of the SSI benefits to be designated as a personal allowance, the State was precluded from doing so. The court further reasoned that even without such a Federal prohibition, the State could not allocate Federal funds without a "Federal enabling statute".

■ The State contends that there is no Federal statute or regulation precluding the State from restricting the use of "income disregard" funds to personal allowance accounts. We agree. Plaintiffs' reliance upon subdivision (c) of section 416.110 of title 20 of the Code of Federal Regulations as an expression of Federal policy which subdivision 7 of section 131-o allegedly violates is misplaced. The regulation promulgated by the Social Security Administration states that: "Under the Federal program [SSI], payments are made under conditions that are as protective of people's dignity as possible. No restrictions, implied or otherwise, are placed on how recipients spend the Federal payments" (20 CFR 416.110 [c]).

Rather than conflicting with this regulation, chapter 431, in allocating the income disregard to a recipient's personal allowance account, furthers the declared objective of maintaining a Federally established minimum standard of living and protecting people's dignity wherever possible. Furthermore, the regulation merely provides that the Federal Government has placed no restrictions on the uses to which the funds may be put, and significantly, there is no express prohibition of a

State imposed restriction. There is nothing in Federal law to discourage States from taking reasonable measures to preserve for the SSI recipient the $20 per month of personal income which Federal policy clearly intends for him to keep. Thus, since subdivision 7 of section 131-o furthers Federal policy, we conclude that Special Term erroneously held that the challenged statute violates Federal policy.

Special Term also reasoned that there was no Federal enabling statute authorizing the State to allocate Federal funds for a personal allowance. The court, however, erred in assuming that the $20 monthly income disregard is itself part of the Federal SSI benefit. Title 42 (§ 1382a, subd [b], par [2]) of the United States Code provides that in determining whether a person is eligible for SSI payments, the Social Security Administration is to disregard "the first $240 per year [i.e., $20 per month] * * * of income (whether earned or unearned) other than income which is paid on the basis of the need of the eligible individual." The reference in this statute to "income * * * other than income which is paid on the basis of the need of the eligible individual" necessarily is to income other than SSI because SSI benefits are by their very nature paid on the basis of need. While most SSI recipients disregard $20 per month of Social Security payments under this provision, there may be other non-Federal sources for the disregarded income, such as public or private pensions. The $20 figure is merely personal income which an SSI recipient may keep without jeopardizing the amount of his SSI benefits. Since subdivision 7 of section 131-o affects only this $20 of income disregard which, according to section 1382a (subd [b], par [2]) of title 42 of the United States Code, is not part of the SSI benefit, it does not unconstitutionally impinge upon the spending of Federal funds.

■ Next, we reject plaintiffs' contention that chapter 431 unconstitutionally impairs the obligations of the contracts between the home and its residents. Subdivision 7 of section 131-o in prohibiting payment of the income disregard for services rendered by the home in effect reduces the level of payments made by the individual to the home because under the contract SSI recipients have agreed to pay the "SSI payment level". However, in our view the statute is a valid police power enactment which does not unconstitutionally impair plaintiffs' contract rights. This court has recently recognized the authority of the State to exercise its police

power over the PPHA industry to secure the general welfare of our aged and senior citizens (see *Katz v Shapiro,* 62 AD2d 231), and subdivision 7 of section 131-o in allocating the income disregard of SSI recipients to their personal allowance furthers that laudable goal by attempting to alleviate in a small way the plight of SSI recipients who in the past have indorsed their entire checks over to the proprietors of homes, thus precluding the recipients from having any money left over for personal expenditures. Furthermore, we note that the SSI payment level is not defined in plaintiffs' contracts with its residents but rather by Federal statute; and since the State has the power to allocate the income disregard to a personal allowance account, we are of the view that the challenged statute does not impair plaintiffs' contracts.

We have examined the other contentions raised by plaintiffs and find them to be without merit.

The judgment, insofar as it granted plaintiffs' motion for summary judgment to the extent of declaring so much of chapter 431 of the Laws of 1977 as restricts the use of income disregard funds to be invalid, should be reversed, on the law, without costs; the defendants' cross motion for summary judgment should be granted, and judgment directed to be entered in favor of defendants declaring chapter 431 of the Laws of 1977 to be valid.

MAHONEY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Judgment, insofar as it granted plaintiffs' motion for summary judgment to the extent of declaring so much of chapter 431 of the Laws of 1977 as restricts the use of income disregard funds to be invalid, reversed, on the law, without costs; defendants' cross motion for summary judgment granted, and judgment directed to be entered in favor of defendants declaring chapter 431 of the Laws of 1977 to be valid.