■ ELIZABETH MAY, Appellant-Respondent, v HAROLD MARCUS et al., Respondents-Appellants.—In an action to recover compensatory and punitive damages, and for a declaratory judgment, arising out of an alleged violation of section 131-*o* of the Social Services Law, (1) plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, dated February 14, 1980, as dismissed her third cause of action for a judgment declaring that defendants may not charge her monthly rent in excess of her supplemental security income benefits, and (2) defendants (a) cross-appeal from so much of that order as granted summary judgment to plaintiff on her first and second causes of action for compensatory and punitive damages and (b) appeal from a judgment of the same court, dated February 28, 1980, which awarded plaintiff $174 compensatory damages and $760 punitive damages. Appeal by plaintiff from the order dated February 14, 1980 dismissed as academic, without costs or disbursements. Cross appeal by defendants from the order dated February 14, 1980 dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed, without costs or disbursements. Plaintiff is a recipient of supplemental security income benefits and additional State payments (see Social Services Law, §§ 208-209). She was formerly a resident of the Lake Shore Adult Home, which is owned and operated by the defendants. In 1977 the Legislature enacted section 131-*o* of the Social Services Law (L 1977, ch 431, § 3) providing, in pertinent part, that individuals in plaintiff's position were entitled to a personal allowance which included "any income of an individual residing therein that [was] not considered in determining such individual's eligibility for or amount of benefits under the program of additional state payments" (Social Services Law, § 131-*o,* subd 7). Subdivision 3 of that section provides, in part: "Any individual who has not received or been able to control personal allowance funds to the extent and in the manner required by this section may maintain an action in his own behalf for recovery of any such funds, and upon a showing that the funds were intentionally misappropriated or withheld to other than the intended use, for recovery of additional punitive damages in an amount equal to twice the amount misappropriated or withheld." From October, 1977 until April, 1979, defendants intentionally withheld that portion of plaintiff's personal allowance attributable to income disregarded when determining her eligibility for additional State payments. This amounted to $20 monthly from a New York State pension and from old age survivors and disability income.

Defendants allegedly placed those funds in an escrow account, pending resolution of the validity of section 131-*o* of the Social Services Law. However, defendants did not commence an action contesting the validity of that statute, nor did they seek authorization from either plaintiff or a court of law to withhold those funds. Rather, they withheld those funds pending resolution of a suit commenced by Irwin and Jeanne Kupferman, doing business as the Garnerville Home for Adults, in the Supreme Court, Albany County. Neither plaintiff nor defendants were parties to that litigation. In August, 1978 the Supreme Court, Albany County, held that subdivision 7 of section 131-*o* of the Social Services Law conflicted with Federal law and was invalid. The attorney for the Association of Adult Care Facilities of New York State, Inc., advised Irwin Kupferman, president of the association, that operators of adult homes who placed such funds in escrow pending appeal of that determination would not be subject to punitive damages. On March 8, 1979 that determination was reversed by the Appellate Division, Third Department, which held that section 131-*o* of the Social Services Law did not conflict with Federal law, nor constitutional provisions (see *Kupferman v New York State Bd. of Social Welfare,* 66 AD2d 540, affd 49 NY2d 742 on the opn at the App Div). In April, 1979 defendants stopped withholding those funds, and refunded to plaintiff $206 of the $380 which had been withheld during the time in question. The judgment appealed from awards plaintiff the additional $174, plus $760 in punitive damages. Defendants contend that plaintiff is not entitled to punitive damages because the funds were not misappropriated, but merely withheld on the good faith belief that section 131-*o* of the Social Services Law would be held unconstitutional. However, subdivision 3 of section 131-*o* does not authorize the imposition of punitive damages only upon a finding of bad faith or malice. Plaintiff met her burden upon a showing that the funds were "intentionally * * * withheld to other than the intended use". Nor may defendants claim that the funds were sufficiently earmarked for their intended use, merely because those funds were allegedly placed in an escrow account. Admittedly, the purpose of such an account was to insure that defendants could retrieve the funds in the event that subdivision 7 of section 131-*o* of the Social Services Law was struck down, and not to protect plaintiff's right to a personal allowance. Therefore, assuming the funds were withheld in escrow, they were "withheld to other than the intended use". A statute is presumptively constitutional (see *Matter of Van Berkel v Power,* 16 NY2d 37, 40). Therefore, defendants could not take it upon themselves to, in effect, stay the operation of section 131-*o* pending a judicial determination of its constitutionality. If defendants were concerned for their rights, they should have commenced their own judicial proceeding and sought the advice of the court. That they may have acted on the advice of counsel does not absolve them of the consequences of their willful wrongdoing (see *Matter of Old Republic Life Ins. Co. v Thacher,* 12 NY2d 48, 56). Therefore, the judgment appealed from must be affirmed. Plaintiff is no longer a resident of the Lake Shore Adult Home. Thus the question of her rent is academic, and her appeal from so much of the order of February 14, 1980 as dismissed her cause of action for a declaratory judgment on that question should be dismissed (see CPLR 3001; *Koenig v Morin,* 43 NY2d 737). Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.