■ Paul E. Cheeseman, Appellant, v Joseph W. Bellacosa,

as Chief Administrative Judge of the State of New York and Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents.— Per Curiam. Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 20, 1986 in Albany County, which, *inter alia,* granted the cross motion of defendants Comptroller and State of New York for summary judgment and declared that neither Judiciary Law former § 221-d nor Judiciary Law § 221-e unconstitutionally deprive plaintiff of equal protection because Albany County Judges are paid more than Albany County Family Court Judges.

Plaintiff has held the office of Judge of the Family Court, Albany County, since January 1, 1983. Effective April 1, 1977, Family Court Judges, as well as Judges of all other courts of record, became State employees of the Unified Court System and their salaries were set by State law (Judiciary Law § 39 [6], as added by L 1976, ch 966, § 2). In the most recent such judicial salary legislation (Judiciary Law §§ 221 to 221-i, as added and amended by L 1984, ch 986), the annual remuneration of Albany County Family Court Judges was set at $68,000 (Judiciary Law § 221-e), while that of Albany County Judges was set at $74,500 (Judiciary Law § 221-d). Plaintiff instituted the instant action for a judicial determination that the foregoing disparity is unconstitutional under the Equal Protection Clauses of the Federal and State Constitutions (US Const, 14th Amend, § 1; NY Const, art I, § 11). He now appeals from Supreme Court's rejection of his challenge and its declaration that the statutory salary scheme is constitutionally valid.

A reading of the complaint and plaintiff's affidavit on the cross motions for summary judgment reveals that plaintiff's discrimination objection is twofold. First, plaintiff asserts that there is no rational basis for salary disparity as between a Family Court Judge and a County Judge in Albany County. As Supreme Court noted, however, the two courts differ drastically in subject matter jurisdiction, procedures and functions. Judges of the two courts are thus neither members of the same class nor substantially identical classes for purposes of equal protection analysis, despite plaintiff's conclusory averments, unsubstantiated by any evidentiary facts, of a similarity in caseload. While the wisdom of such disparate treatment is open to serious question, it cannot be found wholly irrational to view the respective roles and responsibilities of Family Court Judges and County Judges differently and to reflect those differences in fixing a salary scale. In this respect,

*Cass v State of New York* (58 NY2d 460, *appeal dismissed* 460 US 1076) is a fortiori controlling.

Plaintiff's alternative argument, primarily relied upon in his appeal, focuses on the fact that in all but two (Albany and Suffolk Counties) of the 28 counties State-wide where different persons hold the positions of Family Court Judge and County Judge, the State has seen fit to equate the salaries of Family Court Judges to that of County Judges within the same county. Plaintiff urges that the failure to have similarly fixed his remuneration at parity with that of Albany County Judges treats him differently from the overwhelming majority of Family Court Judges in the same class, i.e., such Judges in counties where there are separate Family Court and County judgeships. It is claimed that the absence of any discernible, rational basis for this distinction constitutes a denial of equal protection. We disagree. Other than the fact itself that, in 28 counties in the State, there are separate Family Court and County judgeships, there is no particular reason, from legislative history or otherwise, why Family Court Judges in such counties should be viewed as a discrete class. Likewise, there is nothing in the judicial salary legislation itself or its legislative history to suggest that the remuneration of County Judges was to serve as the standard or benchmark for that of other county-level judgeships.[*] Moreover, there is no evidence whatsoever of invidious discrimination as between plaintiff and the other Family Court Judges in the 28 counties that he cites, particularly in view of the fact that plaintiff's salary is the same as that of the Judges in 18 of those counties, including all of those in closest geographical proximity to Albany County (*cf., Weissman v Evans,* 56 NY2d 458; *Kendall v Evans,* 126 AD2d 703). The classification that plaintiff seeks to identify and attack here has been aptly described and disposed of thusly: "There is hardly a law on the books that does not affect some people differently from others. But the basic concern of the Equal Protection Clause is with state legislation whose purpose or effect is to create discrete and objectively identifiable classes. And with respect to such legislation, it has long been settled that the Equal Protection Clause is offended only by laws that are invidiously discriminatory—only by classifications that are wholly arbitrary or capricious" (*San Antonio School Dist. v Rodriguez,* 411 US 1, 60-61 [Stewart, J., concurring]).

---

[*] Contrastingly, the salary of the County Judge is generally the statutory standard for the salary of a full-time District Attorney in the same county (Judiciary Law § 183-a).

Nor is a different result compelled if we were to accept plaintiff's proposition that the present disparity in the pay of Family Court Judges and County Judges in Albany County arises solely from the historical disparity which existed in that County before the State takeover, which the State simply perpetuated. As already demonstrated, Albany County did not violate equal protection in treating its Family Court Judges and County Judges differently. After the State assumed the cost of judicial salaries in courts of record, it was equally justified in setting rates of remuneration of the Judges "of its local subdivisions, having in mind the needs and desires of each" (Salsburg v Maryland, 346 US 545, 552). Hence, there was nothing invalid, in a constitutional sense, in the State's perpetuation of otherwise valid distinctions in treatment of different judgeships by individual counties prior to the takeover. Unless a fundamental right or a suspect classification is at issue, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it" (McGowan v Maryland, 366 US 420, 426).

Accordingly, Supreme Court properly granted defendants' cross motion for summary judgment.

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.