EMPIRE STATE ASSOCIATION OF ADULT HOMES, INC., et al., Appellants, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents, and SHIRLEY POLANCO, Intervenor-Respondent.

Third Department, July 7, 1988

**APPEARANCES OF COUNSEL**

*Walter & Peck (Alan L. Peck* of counsel), for appellants.

*Robert Abrams, Attorney-General (William J. Kogan* of counsel), for respondents.

*Wayne G. Hawley (Gary Stone* of counsel), for intervenor-respondent.

**OPINION OF THE COURT**

MIKOLL, J.

Plaintiff Empire State Association of Adult Homes, Inc. is a trade association of owners and operators of adult care facilities which provide residential care and services to adults who are unable or substantially unable to live independently (Social Services Law § 2 [21]). The individual plaintiffs each own and operate an adult care facility. Plaintiffs commenced this action seeking a declaration that Social Services Law §§ 131 and 131-o and 18 NYCRR 485.12 and 487.6 are unconstitutional on their face and as applied to plaintiffs. Social Services Law § 131-o establishes personal allowance accounts (currently $66 monthly) for adult care facility residents who receive public assistance *(see,* Social Services Law § 157 [1]; §§ 208, 209). These accounts are for the residents' exclusive use in purchasing basic personal items; adult home operators are prohibited from using any portion of these personal allowance funds to compensate them for services provided.

In their complaint, plaintiffs allege that personal allowance statutes and regulations violate their Federal and State equal protection rights *(see,* US Const 14th Amend; NY Const, art I,

§ 11) by treating plaintiffs differently from other merchants who can receive payments from personal allowance funds. They also assert that their due process rights have been violated (see, US Const 14th Amend; NY Const, art I, § 6) because the challenged statutes and regulations deprive them of property without due process and interfere with their right to contract with residents for payment of personal allowance funds. Shirley Polanco, an adult care facility resident and recipient of Federal Supplemental Security Income (hereinafter SSI), moved to intervene as a defendant. Her motion to intervene was opposed by plaintiffs. Defendants subsequently moved for summary judgment on the grounds that no triable issue of fact was presented and that plaintiffs had failed to state a cause of action.

Supreme Court granted Polanco's motion to intervene and defendants' motion for summary judgment. The court declared that the challenged provisions were constitutional on their face and as applied to plaintiffs. Supreme Court noted in its decision that an earlier attack on the constitutionality of Social Services Law § 131-o was rejected by this court in *Kupferman v New York State Bd. of Social Welfare* (66 AD2d 540, *affd* 49 NY2d 742). In disposing of plaintiffs' equal protection argument, Supreme Court found that there was a rational basis for a distinction between adult care facility operators and other merchants. Concerning plaintiffs' due process claim, the court noted that plaintiffs had conceded that they had no property interest in personal allowance funds, and that in *Kupferman,* assertions of impermissible interference with the right to contract had been rejected. Supreme Court further ruled that plaintiffs had no right to enter into a contract that had been prohibited by a valid exercise of the police power. Lastly, Supreme Court asserted that public policy has supported a variety of provisions shielding certain funds of debtors from certain classes of creditors and that it is permissible for the Legislature to shield residents' personal allowances from claims of adult care facility operators. This appeal ensued.

■ There should be an affirmance. Supreme Court properly found that Social Services Law §§ 131 and 131-o and 18 NYCRR 485.12 and 487.6 do not violate equal protection or due process guarantees.

It is well established that legislative enactments are presumed to be valid, and a person attacking a statute bears the burden of proving that the legislation is unconstitutional

beyond a reasonable doubt *(Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 71 NY2d 313, 319-320; *see, Elmwood-Utica Houses v Buffalo Sewer Auth.,* 65 NY2d 489, 495; *Trump v Chu,* 65 NY2d 20, 25, *appeal dismissed* 474 US 915). Social and economic legislation that does not classify on the basis of a suspect class nor impair a fundamental right must be upheld if it is rationally related to the achievement of a legitimate State objective *(Trump v Chu, supra; see, Matter of Bernstein v Toia,* 43 NY2d 437, 446). The Equal Protection Clause is offended only by laws that are invidiously discriminatory *(Cheeseman v Bellacosa,* 130 AD2d 920, 923, *lv denied* 70 NY2d 612). Under due process analysis, a challenged provision is constitutional if it is reasonable in relation to legitimate State interests *(Treyball v Clark,* 65 NY2d 589). "[T]o invoke due process, a person * * * must have a legitimate claim of entitlement to an identified liberty or property interest" *(Kneale v Cuomo,* 130 AD2d 65, 70).

Plaintiffs contend that current provisions permit the Federal Government to recoup SSI overpayments made due to its miscalculation and permit residents to "squander" personal allowance grants by buying any items they wish from other merchants. Plaintiffs further argue that the provisions penalize only adult care facility operators, who are denied access to personal allowance accounts to pay for any shortfalls in agreed-upon payments resulting from residents' SSI benefit reductions. Plaintiffs argue that when there has been an overpayment to an SSI recipient, his monthly benefit is decreased and plaintiffs must thus receive a lower monthly amount than that provided for in admission agreements. Plaintiffs claim that they should be permitted to use personal allowance funds to make up the difference. Otherwise, by accepting less than agreed-upon payments to provide residential care to those whose SSI overpayments are being recouped, plaintiffs contend that they must essentially pay the residents' debt to the government. Plaintiffs assert that, regrettably, they may be compelled to terminate the admission agreements *(see,* Social Services Law § 461-c) of such residents pursuant to Social Services Law § 461-g (1) (c). The latter provision permits facility operators to terminate agreements of residents who fail to make timely payments for charges they agree to pay for in their admission agreements. These arguments are not well taken.

The challenged provisions are a proper exercise of the

State's police power to protect elderly citizens. The State has an affirmative duty to aid the needy *(see, Tucker v Toia,* 43 NY2d 1, 7-8). There is a rational basis for the guarantee of $66 a month to adult care facility residents to purchase personal necessities. Merchants from whom residents choose to make purchases do not occupy a position very different from facility operators in regard to the use of personal allowance funds since residents may buy needed personal items from the facility operators, as well as from other vendors, if they so choose *(see,* Social Services Law § 131-o [2]).

Concerning the possible termination of residents' admission agreements due to residents' nonpayment of the full rates agreed to, it should be noted that the Federal Government can waive recovery of past excess payments. Pursuant to 42 USC § 1383 (b) (1) (B), the Federal Government will not reduce future SSI payments to recoup overpayments if the recipient is not at fault in connection with the overpayments and recovery of the overpayments would defeat the purpose of the SSI program, impair its effective or efficient administration or be inequitable. Recoupment defeats the purpose of the SSI program, according to 20 CFR 416.553, when all of an individual's income and resources are needed for ordinary and necessary living expenses *(see, Harrison v Heckler,* 746 F2d 480; *Howard v Secretary of Dept. of Health & Human Servs.,* 741 F2d 4). Thus, it appears that an adult care facility resident's SSI benefits would not be reduced to recoup prior overpayments if such reduction would result in termination of an admission agreement. Summary judgment declaring the constitutionality of the challenged provisions was thus proper since plaintiffs failed to present disputed material factual issues and the court could decide the issues as a matter of law.

■ Finally, since Polanco is a person who is directly affected by the outcome of this action and there was no showing of undue delay or prejudice to plaintiffs, Supreme Court did not abuse its discretion in allowing her to intervene in this litigation *(see, Matter of Village of Spring Val. v Village of Spring Val. Hous. Auth.,* 33 AD2d 1037).

KANE, J. P., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment affirmed, without costs.