■ Klein, Wagner & Morris et al., Respondents, v Lawrence A. Klein, P. C., et al., Appellants, et al., Defendants. (And Another Action.)—In an action, inter alia, to recover damages for breach of contract, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), entered April 10, 1992, as granted that branch of the plaintiffs' motion which was for a preliminary injunction as to the use of the name "Lawrence A. Klein" or "Lawrence A. Klein, P. C.," in connection with the appellants' law practice and denied that branch of the appellants' cross motion which was for a preliminary injunction as to the use of the "Lawrence A. Klein" or "Lawrence A. Klein, P. C.", in connection with the plaintiffs' law practice.

Ordered that the order is modified, on the law, by adding a provision requiring the plaintiffs to give an undertaking with a corporate surety; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter

is remitted to the Supreme Court, Rockland County, to fix the amount of the undertaking, after a hearing which shall be held for that purpose, unless the parties stipulate to an amount.

In March 1983 a partnership agreement was executed between Lawrence A. Klein, P. C., and Wagner & Morris, P. C., pursuant to which the two professional corporations formed a partnership to engage in the practice of law under the name "Klein, Wagner & Morris".

In late 1989, Lawrence A. Klein, who was the sole shareholder of Lawrence A. Klein, P. C., transferred his shares to his daughter Susan Klein Elicks. After Mr. Klein's death on January 14, 1990, she has continued the use of "Lawrence A. Klein", and "Lawrence A. Klein, P. C." in connection with her law practice. Wagner & Morris, P. C., continue to use the names "Klein, Wagner & Morris", "Lawrence A. Klein" and "Lawrence A. Klein, P. C." in connection with their law practice.

It is well-settled that a party is entitled to a preliminary injunction if he or she establishes: (1) a likelihood of success on the merits, (2) irreparable injury unless injunctive relief is granted, and (3) that the equities are balanced in his or her favor (see, Albini v Solork Assocs., 37 AD2d 835).

The plaintiffs have proven a likelihood of success on the merits. The partnership agreement between Lawrence A. Klein, P. C., and Wagner & Morris, P. C., provided that the death of any of the partners would not terminate the partnership and that the partnership shall be continued by the remaining partners. The agreement further provided that the name of the deceased partner could be continued as part of the firm name.

The Code of Professional Responsibility provides that the letterhead of a law firm may give names and dates relating to deceased members (Code of Professional Responsibility DR 2-102 [A] [4] [22 NYCRR 1200.7 (a) (4)]) and that a firm may include in its name a deceased member of the firm in a continuing line of succession (Code of Professional Responsibility DR 2-102 [B] [22 NYCRR 1200.7 (b)]) if the public is not misled thereby (Code of Professional Responsibility EC 2-11). This is permitted in recognition of the other partners' joint and several efforts over a period of years contributing to the goodwill attached to the firm name (NY St Bar Assn, Ethics Opn No. 45).

The second element of proof required for a preliminary injunction is that irreparable injury will occur if the relief is denied. Irreparable injury in this context means any injury for which money damages are insufficient (see, Jackson Dairy v Hood & Sons, 596 F2d 70, 72). The plaintiffs contend that the appellants' use of the name Lawrence A. Klein would add confusion and affect the plaintiffs' reputation with clients, potential clients, and the legal community. We find that these claims are of the type which would constitute irreparable harm.

Thirdly, a court must balance the equities. It must be shown that the irreparable injury to be sustained is more burdensome to the plaintiff than the harm caused to the defendant through the imposition of the injunction. We find that the equities do not favor the appellants. It is undisputed that prior to his death, Lawrence A. Klein transferred his shares in Lawrence A. Klein, P. C., to his daughter without the consent of Wagner & Morris, P. C., in clear contravention of the partnership agreement.

Furthermore, the Code of Professional Responsibility provides that there is a prohibition against the sale of a law practice, as this results in the disclosure of client confidences and secrets (Code of Professional Responsibility EC 4-6). There is also a prohibition against the use of a firm name by an associate where all the partners are dead, except to wind up partnership affairs (NY St Bar Assn, Ethics Opn No. 148). Susan Klein Elicks was never a partner in Klein, Wagner & Morris and never had any legitimate shareholder interest in Lawrence A. Klein, P. C.

Moreover, the Code of Professional Responsibility provides that a lawyer in a private practice should practice only under a designation containing the lawyer's own name, the name of an employing lawyer, or the name of one or more of the lawyers practicing in a partnership (Code of Professional Responsibility EC 2-11).

Based upon the facts and circumstances of this case, we find that the Supreme Court properly granted the plaintiffs' motion seeking a preliminary injunction preventing the appellants from using the name "Lawrence A. Klein", and "Lawrence A. Klein, P. C."

We find, however, that the plaintiffs should have been directed to file an undertaking. The language of CPLR 6312 is clear and unequivocal. Upon the granting of a preliminary

injunction, "the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction" (CPLR 6312 [b]; *see also, Walter Karl, Inc. v Wood,* 137 AD2d 22).

Accordingly, the matter must be remitted to the Supreme Court, Rockland County, to fix the amount of the undertaking *(see, Carter v Konstantatos,* 156 AD2d 632). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.