■ PATTERSON MATERIALS CORPORATION, Respondent, v TOWN OF PAWLING, NEW YORK et al., Defendants, and GORDON

DOUGLAS et al., Proposed Intervenors-Appellants. [634 NYS2d 711] —In an action for a judgment, *inter alia,* declaring Local Laws, 1993, Nos. 1, 2, 3, and 4 of the Town of Pawling to be null, void, illegal and unconstitutional, the proposed intervenors-defendants appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered March 22, 1994, which denied their motion to intervene as party defendants.

Ordered that the order is reversed, on the law, with costs, and the motion to intervene is granted and the intervenors' proposed answer is deemed served.

The factual background of this case is set forth in *Patterson Materials Corp. v Town of Pawling* (221 AD2d 608 [decided herewith]).

Three proposed intervenors have sought leave to intervene as defendants. Two of the proposed intervenors are homeowner associations representing homeowners who are either adjacent or in close proximity to the parcel owned by the plaintiff in the Town of Pawling upon which the plaintiff seeks to conduct its mining operations. It is specifically alleged that the homeowners from one of these associations live in the "immediate vicinity" of the plaintiff's parcel and that the homeowners from the other association live in a neighborhood that is approximately one mile away. Additionally, the co-chair of one of the homeowners associations, who lives adjacent to the parcel in question, seeks to intervene in his individual capacity.

The Supreme Court denied the motion to intervene. We reverse. At issue in this declaratory judgment action is the validity of four local laws, one of which places severe restrictions on the plaintiff's mining operations. The proposed intervenors, as property owners either adjacent to or in close proximity to the parcel where the plaintiff's operations might take place, have made various claims concerning the deleterious effect surface mining will have on their property. Such allegations concern the noise, dust, and traffic that would result if mining were permitted on the parcel in question. Under such circumstances, the proposed intervenors have established a "real and substantial interest" in the outcome of the action and permissive intervention should have been allowed *(see,* CPLR 1013; *Matter of Clinton v Summers,* 144 AD2d 145; *Kaplen v Town of Haverstraw,* 105 AD2d 690; *Matter of Village of Spring Val. v Village of Spring Val. Hous. Auth.,* 33 AD2d 1037; *see also, Greenpoint Sav. Bank v McMann Enters.,* 212 AD2d 647). Bracken, J. P., Miller, Altman and Florio, JJ., concur.