ST. JOSEPH'S HOSPITAL HEALTH CENTER et al., Respondents, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Respondents. BETH ISRAEL MEDICAL CENTER et al., Proposed Intervenors-Appellants. [637 NYS2d 821] —Order unanimously reversed on the law and in the exercise of discretion without costs and motion granted in accordance with the following Memorandum: Plaintiff hospitals commenced this action seeking a declaration that maintenance of effort (MOE) regulations (10 NYCRR 86-1.11 [g] [7]; [p] [7]) are invalid, null and void. Those regulations were promulgated by the Commissioner of Health for the determination and reallocation of bad debt and charity cost (BDCC) funds to hospitals as part of the State's medicaid reimbursement scheme. Additionally, plaintiffs seek a declaration that defendants' implementation of those regulations is arbitrary and capricious and seek an injunction permanently barring defendants from implementing them. About one month after joinder of issue, nine hospitals (proposed intervenors) sought to intervene as defendants, alleging that they would lose in excess of 40 million dollars in reallocated BDCC funds if plaintiffs are successful in the action. Supreme Court denied that request.

The court properly concluded that the proposed intervenors failed to show that defendants' representation of their interests

is or may be inadequate, thereby warranting intervention as of right (see, CPLR 1012 [a] [2]). The fact that the State defendants consented to a temporary order enjoining the implementation of the MOE regulations during the pendency of the action does not establish that the defense of the State defendants on the merits may be inadequate to represent the interests of the proposed intervenors. Moreover, we reject the proposed intervenors' contention that the State defendants are neutral stakeholders. The State has more than a passive neutral interest in upholding the validity of a material portion of its medicaid reimbursement scheme.

Nevertheless, the court should have permitted intervention pursuant to CPLR 1013. The proposed intervenors have a real and substantial interest in the outcome of the action (see, Matter of Norstar Apts. v Town of Clay, 112 AD2d 750, 751) and their proposed pleading and the existing pleadings present common issues of fact and law. Plaintiffs have failed to show that intervention would delay the action or that they would suffer substantial prejudice if intervention were granted, and defendants have not opposed intervention. The record does not support the court's conclusion that the proposed intervenors seek to introduce extraneous factual issues into the action, and speculation that other hospitals might later seek to intervene is not a sufficient basis for the denial of this timely motion. We note, however, that the answer of the proposed intervenors raises affirmative defenses not raised in the existing pleadings. Because new issues may not be interposed on intervention (see, East Side Car Wash v K.R.K. Capitol, 102 AD2d 157, 160), we exercise our discretion to grant the motion to intervene ab initio on condition that the second and fourth affirmative defenses of the proposed answer are deleted therefrom. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.— Intervention.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.