■ COUNTY OF WESTCHESTER, Respondent, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Respondents. BETH ISRAEL MEDICAL CENTER et al., Proposed Intervenors-Appellants. [645 NYS2d 534] —In an action for a declaratory judgment and injunctive relief, the proposed intervenors appeal from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered March 8, 1995, which denied their motion to intervene, (2) an order of the same court, also entered March 8, 1995, which "so ordered" a stipulation preliminarily enjoining the defendants from enforcing Public Health Law § 2808-c (9) (e) and § 2807-a (8) (e) and 10 NYCRR 86-1.11 (g) (7) and (p) (7) as to the plaintiff, and (3) a decision of the same court, also entered March 8, 1995, which addressed the proposed intervenors' objections to the stipulation.

Ordered that the appeal from the order entered March 8, 1995, which "so ordered" the stipulation is dismissed, without costs or disbursements, as the appellants are not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order entered March 8, 1995, which denied the proposed intervenors' motion to intervene is reversed, on the law, without costs or disbursements, and the motion to intervene is granted.

The plaintiff commenced this action, inter alia, seeking a declaration that maintenance of effort (hereinafter MOE) regulations (see, 10 NYCRR 86-1.11 [g] [7]; [p] [7]) are invalid, null, and void. The regulations were promulgated by the Commissioner of the Department of Health of the State of New York for determination and reallocation of bad debt and charity cost (hereinafter BDCC) funds to hospitals as part of the State's Medicaid reimbursement scheme. The plaintiff also seeks a permanent injunction barring the defendants from implementing the MOE regulations. The defendants have stipulated to a preliminary injunction enjoining the implementation of the MOE regulations.

Before joinder of issue, the proposed intervenors moved for leave to intervene as defendants. The proposed intervenors are

nine hospitals which, pursuant to the MOE regulations, are entitled to reallocated BDCC funds in excess of $40 million. The Supreme Court denied the motion to intervene. We reverse.

Generally, intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings *(see, Plantech Hous. v Conlan,* 74 AD2d 920). Here, if the MOE regulations are declared invalid, the proposed intervenors may lose a substantial amount of BDCC funds. Accordingly, the proposed intervenors have a real and substantial interest in the outcome of the action *(see, St. Joseph's Hosp. Health Ctr. v Department of Health,* 224 AD2d 1008). Hence, the Supreme Court should have granted the motion to intervene.

The appellants are not aggrieved by the court's determination to "so order" the stipulation by which the Department of Health agreed not to implement the MOE regulations as against the plaintiff. In any event, there are numerous actions throughout the State challenging the implementation of the MOE regulations. When the defendants stipulated to the preliminary injunction there was already in place a preliminary injunction, enjoining the defendants from implementing the MOE regulations as to 39 hospitals *(see, St. Joseph's Hosp. Health Ctr. v Department of Health,* Sup Ct, Onondaga County, Jan. 25, 1995, Murphy, J., Index No. 4803/94). The issuance of the preliminary injunction in this case ensured that the State-wide policy would be maintained.

It is in the interest of all the parties for a motion to be made requesting consolidation of all the actions concerning the MOE regulations. After consolidation, the proposed intervenors can challenge the preliminary injunction enjoining the implementation of the MOE regulations on the merits.

We have reviewed the proposed intervenors' remaining contentions and find them to be without merit. Thompson, Pizzuto and Hart, JJ., concur.

Rosenblatt, J. P., concurs in part and dissents in part and votes to affirm the order entered March 8, 1995, which denied the proposed intervenors' motion to intervene with the following memorandum:

I respectfully dissent. The decision whether to grant or deny intervention is a discretionary one. I cannot conclude on this record that the court improvidently exercised its discretion. I agree, however, with the suggestion of my colleagues in the majority that all actions should be consolidated.