■ CREDIT INDEX, L. L. C., Appellant, v RISKWISE INTERNATIONAL L. L. C. et al., Respondents. [722 NYS2d 862] —Order, Supreme Court, New York County (Barry Cozier, J.), entered

December 26, 2000, which, in an action for breach of contract, denied plaintiff's motion for preliminary injunctive relief, unanimously affirmed, with costs.

Pursuant to the agreement at issue, plaintiff was entitled to provide certain reciprocally licensed marketing products and services exclusively to direct marketers and defendant was entitled to provide the same products and services to non-direct marketers. Plaintiff alleges that defendant has violated this agreement by servicing certain marketers which, according to plaintiff, are direct marketers within the meaning of the agreement, and now seeks to preliminarily enjoin defendant from violating the agreement in the manner alleged. Plaintiff has, however, failed to demonstrate: (1) a likelihood of success on the merits; (2) the prospect of irreparable harm if the preliminary injunction is withheld; and (3) a balance of equities tipping in its favor, and, accordingly, is not entitled to a preliminary injunction (*New York City Off-Track Betting Corp. v New York Racing Assn.*, 250 AD2d 437, 441). It is by no means clear from the contract terms that defendant has in fact violated the parties' agreement, and where contractual language "leaves the rights of the parties open to doubt and uncertainty," injunctive relief is inappropriate (*see, SportsChannel Am. Assocs. v National Hockey League*, 186 AD2d 417, 418). Plaintiff has, in addition, failed to demonstrate that its potential damages are not compensable in money and capable of calculation and, thus, that it will suffer irreparable harm absent the requested injunction (*see, id.; New York City Off-Track Betting Corp. v New York Racing Assn., supra*, at 442). Finally, plaintiff has not shown that the equities tip in its favor since the record affords no reason to believe that any injury plaintiff is likely to sustain will be more burdensome to it than the harm likely to be caused defendants through the imposition of an injunction (*see, Klein, Wagner & Morris v Lawrence A. Klein, P. C.*, 186 AD2d 631, 633). Concur—Sullivan, P. J., Williams, Andrias, Rubin and Friedman, JJ.