■ COPART OF CONNECTICUT, INC., Respondent, v LONG ISLAND AUTO REALTY, LLC, Appellant. [839 NYS2d 791]—

In an action, inter alia, to permanently enjoin the defendant from amending, withdrawing, or opposing a site plan application submitted to the Town of Brookhaven, the defendant appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated March 15, 2006, which granted the plaintiff's motion to preliminarily enjoin it from amending, withdrawing, or opposing the site plan application.

Ordered that the order is reversed, on the law, with costs, and the motion for a preliminary injunction is denied.

The plaintiff operates an automobile storage and salvage business. In 1997 it entered into an agreement with the defendant to lease approximately 40 acres of a 90-acre parcel of real property in the Town of Brookhaven. The parties subsequently executed addenda to the general lease which provided for the plaintiff to lease an additional 20 acres of land contiguous to the premises originally leased. The addenda obligated the defendant to "cooperate fully" with the plaintiff in "obtaining all neces-

sary approvals for use and development of the property" and "jointly process any and all applications for site plan approval."

In December 2001 the plaintiff received permission from the Town to temporarily expand its storage operations onto the additional 20 acres on the condition that it file a site plan application for such use. A site plan application was submitted to the Town in February 2002. In December 2005 the plaintiff commenced the present action to permanently enjoin the defendant from amending, withdrawing, or opposing the application and to require the defendant to specifically perform its obligations under the lease. The Supreme Court granted the plaintiff's motion to preliminarily enjoin the defendant from amending, withdrawing, or opposing the application. We reverse.

To establish entitlement to a preliminary injunction, a movant must demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; and (3) a balance of the equities in favor of granting the injunction (see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; Stockley v Gorelik, 24 AD3d 535, 536 [2005]).

Here, the plaintiff failed to establish a likelihood of success on the merits. Since the facts surrounding the submission and content of the application are contested, it is not clear whether the defendant's withdrawal or opposition to the application would constitute a breach of its obligations under the lease (see Credit Index v RiskWise Intl., 282 AD2d 246, 247 [2001]; Sports-Channel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1992]).

Additionally, the plaintiff failed to demonstrate that it will suffer irreparable harm in the absence of preliminary injunctive relief. Its contention that it could be forced to discontinue business operations if the application is withdrawn and the Town commences enforcement proceedings is speculative and unsupported by any evidence in the record (see Neos v Lacey, 291 AD2d 434, 435 [2002]; Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 271 AD2d 656, 657 [2000]; Kurzban & Son v Board of Educ. of City of N.Y., 129 AD2d 756, 757 [1987]).

Finally, the plaintiff failed to establish that a balancing of the equities favors provisional relief because it has not shown that the absence of a preliminary injunction would cause it greater injury than the imposition of the injunction would inflict upon the defendant (see Laro Maintenance Corp. v Culkin, 255 AD2d 560, 561 [1998]; Klein, Wagner & Morris v Lawrence A. Klein, P.C., 186 AD2d 631, 633 [1992]). While the defendant submitted some evidence that approval of the application would place use restrictions on portions of its parcel to which the plaintiff has

no claim under the lease, the plaintiff has provided no evidence as to what effect, if any, withdrawal or defeat of the application would have upon its business operations. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.