■ MICHELE BERKOSKI et al., Respondents, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF SOUTHAMPTON et al., Defendants. MARIANNE FINNERTY et al., Proposed Intervenors-Appellants. [889 NYS2d 623]—

In an action, inter alia, for a judgment declaring that a proposed plan to use a public park as a designated area for the hiring of laborers contravenes Town Law § 64-e and the Town Code of the Town of Southampton §§ 140-6 and 140-7, and to permanently enjoin such use, the proposed intervenors appeal from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated January 2, 2008, as denied their motion for leave to intervene as defendants in the action, and granted, in part, the plaintiffs' motion, which was opposed by them, for a preliminary injunction.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the proposed intervenors' motion which was for leave to intervene as defendants by two day laborers, John Doe No. 1 and John Doe No. 2, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting, in part, the plaintiffs' motion for a preliminary injunction, and substituting therefor a provision denying the plaintiffs' motion for a preliminary injunction in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On July 10, 2001 the Town Board of the Town of Southampton adopted a resolution authorizing the Town of Southampton to acquire a six-acre parcel of vacant land located on Aldrich Lane in the Village of Southampton for park and recreational purposes. Shortly after adopting the resolution, the Town purchased the six-acre parcel, known as Aldrich Park, with funds provided through a community preservation fund program. Upon acquiring title to Aldrich Park, the Town conveyed co-ownership to the Village of Southampton. In or around March 2007, Village officials announced, and began taking steps to implement, a plan to set aside a portion of Aldrich Park as a site where laborers could gather for purposes of being hired on either a temporary or permanent basis by contractors. According to the Village's mayor, the purpose of allowing laborers to assemble in the park is to provide a safer alternative to the street-side solicitation of employment.

Shortly after learning of the Village's plan, the plaintiffs, who own homes adjacent to Aldrich Park, commenced this action against the Town and various Town entities and officials (hereinafter collectively the Town defendants), and the Village and various Village entities and officials (hereinafter collectively the

Village defendants). The plaintiffs seek, inter alia, a judgment declaring that the use of Aldrich Park as a designated area for the hiring of laborers violates the public trust doctrine and contravenes Town Law § 64-e and the Town Code of the Town of Southampton (hereinafter Town Code) §§ 140-6 and 140-7, which regulate the use of lands acquired with community preservation funds. The plaintiffs also seek to permanently enjoin the defendants, inter alia, from using all or any portion of Aldrich Park for nonpark or nonrecreational purposes in a manner inconsistent with Town Law § 64-e and Town Code §§ 140-6 and 140-7, and from taking any action "that implements, allows, promotes, facilitates or sanctions the use of all or any portion of the Park for non-park and non-recreation purposes, including its use as a place where persons may concentrate, gather, loiter or stand for purposes of being hired on a permanent or temporary basis." Simultaneous with the commencement of this action, the plaintiffs moved for a preliminary injunction, in essence barring the implementation of the Village's plan during the pendency of the litigation. The Town defendants joined in the plaintiffs' request for preliminary injunctive relief, agreeing that the Village's proposed use of the park as "an outdoor hiring site" was not an authorized use for property acquired with community preservation funds, and constituted an unlawful alienation of parkland without the requisite approval of the State Legislature. In opposition to the plaintiffs' motion, the Village argued that there was no existing State or local law which prohibited soliciting employment in a public park, and that permitting such use in Aldrich Park would mitigate the impact of a proposed local law prohibiting street-side solicitation of employment upon the laborers' free speech rights by providing them with an alternate channel of communication.

While the motion for a preliminary injunction was pending, the appellants, two day laborers (hereinafter together the John Doe appellants), two individual immigrant rights advocates (hereinafter together the advocacy appellants), and an immigrant rights organization known as the Coalition for a Worklink Center (hereinafter the Coalition), moved for leave to intervene as defendants in the action. In support of their motion, the appellants argued that they should be permitted to intervene either as of right pursuant to CPLR 1012 (a), or by permission pursuant to CPLR 1013, in order to raise a First Amendment defense to the action, which is distinct from the Village's defense.

The Supreme Court denied the appellants' motion for leave to intervene, concluding that this action merely involved alien-

ation of parkland without legislative approval and, thus, did not concern the First Amendment rights of any of the proposed intervenors. The court also granted, in part, the plaintiffs' motion for a preliminary injunction, inter alia, enjoining the defendants from taking actions to implement a plan or policy that allows, promotes, facilitates, or sanctions the use of the park as a place where persons may gather, loiter, or stand for purposes of being hired on a temporary or permanent basis. We modify the order and grant that branch of the appellants' motion which was for leave to intervene by the John Doe appellants, and deny the plaintiffs' motion for a preliminary injunction in its entirety.

Upon a timely motion, a person is permitted to intervene in an action as of right when, inter alia, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012 [a] [2]). Additionally, the court, in its discretion, may permit a person to intervene, inter alia, "when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013). "However, it has been held under liberal rules of construction that whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013 is of little practical significance [and that] intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (*Perl v Aspromonte Realty Corp.*, 143 AD2d 824, 825 [1988]; *see Matter of Bernstein v Feiner*, 43 AD3d 1161, 1162 [2007]; *Sieger v Sieger*, 297 AD2d 33, 36 [2002]; *County of Westchester v Department of Health of State of N.Y.*, 229 AD2d 460, 461 [1996]; *Plantech Hous. v Conlan*, 74 AD2d 920, 920-921 [1980]).

Applying these principles here, the Supreme Court should have granted the John Doe appellants leave to intervene pursuant to CPLR 1013 as a matter of discretion. The John Doe appellants allege that they are two individual day laborers in the community who have sought employment at the Aldrich Park site, and would be permanently barred from assembling in the park for purposes of soliciting employment if the injunctive relief demanded by the plaintiffs is ultimately granted in its entirety. Under these circumstances, the John Doe appellants possess a real and substantial interest in the outcome of this action (*see Matter of Bernstein v Feiner*, 43 AD3d at 1162; *Town of Southold v Cross Sound Ferry Servs.*, 256 AD2d 403, 404 [1998]; *County of Westchester v Department of Health of State of N.Y.*, 229 AD2d at 461; *Empire State Assn. of Adult Homes v Perales*,

139 AD2d 41, 45 [1988]). Intervention pursuant to CPLR 1013 is also appropriate because there is at least one common question of law raised by the Village's verified answer and the appellants' proposed verified answer, and there has been no showing that intervention would cause undue delay (*see St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.*, 224 AD2d 1008, 1009 [1996]; *Empire State Assn. of Adult Homes v Perales*, 139 AD2d 41, 45 [1988]; *Matter of Village of Spring Val. v Village of Spring Val. Hous. Auth.*, 33 AD2d 1037 [1970]).

However, the advocacy appellants and the Coalition were properly denied leave to intervene. The advocacy appellants and the Coalition are not entitled to intervene as a matter of right because they failed to show that the representation of their interests by the Village defendants would not be adequate (*see* CPLR 1012 [a]; *St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.*, 224 AD2d at 1008-1009). Moreover, the advocacy appellants and the Coalition are not entitled to intervene as a matter of discretion because they do not have a real and substantial interest in the outcome of the proceedings (*see Perl v Aspromonte Realty Corp.*, 143 AD2d at 825). The advocacy appellants allege that they are community activists with long-standing interest in the rights of day laborers, and the Coalition alleges that it is an organization whose members are similarly interested in ensuring the reasonable and humane treatment of day laborers. Although the injunctive relief demanded by the plaintiffs may have an impact on laborers who face the possibility of being prohibited from assembling and seeking employment in Aldrich Park, it will have no direct impact upon the ability of the advocacy appellants and the Coalition to advocate on behalf of the laborers.

The John Doe appellants contend that the court should have denied, in its entirety, the plaintiffs' motion, which they opposed, for a preliminary injunction. A party seeking the drastic remedy of a preliminary injunction has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in the movant's favor (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Tatum v Newell Funding, LLC*, 63 AD3d 911 [2009]; *Copart of Conn., Inc. v Long Is. Auto Realty, LLC*, 42 AD3d 420, 421 [2007]; *Ginsburg v Ock-A-Bock Community Assn., Inc.*, 34 AD3d 637 [2006]). Here, the plaintiffs failed to satisfy their burden of demonstrating irreparable injury if the preliminary injunction is not granted (*see Copart of Conn., Inc. v Long Is. Auto Realty, LLC*, 42 AD3d at 421; *Ginsburg v Ock-a-*

*Bock Community Assn., Inc..*, 34 AD3d at 637-638). In light of our determination, we need not reach the merits of the other two requirements that must be met before such an injunction can be granted. Accordingly, the plaintiffs' motion for a preliminary injunction should have been denied in its entirety. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.