■ Leon Kohn et al., Respondents-Appellants, v Moses Friedman et al., Defendants, and Israel Blackman et al., Appellants-Respondents. [896 NYS2d 906]—In an action, inter alia, to recover damages for misappropriation of trade secrets and conversion, the defendants Israel Blackman, Discover Group, Inc., and Newmer Land Developers, LLC, appeal from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated September 25, 2008, as granted that branch of the plaintiffs' motion which was for a preliminary injunction against the defendants Israel Blackman and Discover Group, Inc., and the plaintiffs cross-appeal from the same order.

Ordered that the appeal by the defendant Newmer Land Developers, LLC, is dismissed, as it is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Israel Blackman and Discover Group, Inc., on

the law, and that branch of the plaintiffs' motion which was for a preliminary injunction against those defendants is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants Israel Blackman and Discover Group, Inc., payable by the plaintiffs.

In order to obtain a preliminary injunction, the moving party must demonstrate, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in the movant's favor (*see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840 [2009]; *Tatum v Newell Funding, LLC*, 63 AD3d 911, 912 [2009]). "Preliminary injunctive relief is a drastic remedy that will not be granted unless a clear right to it is established under the law and upon undisputed facts found in the moving papers, and the burden of showing an undisputed right rests upon the movant" (*Anastasi v Majopon Realty Corp.*, 181 AD2d 706, 707 [1992]; *see Gagnon Bus Co., Inc. v Vallo Transp., Ltd.*, 13 AD3d 334, 335 [2004]). Here, the plaintiffs failed to satisfy their burden and thus, they were not entitled to a preliminary injunction against the appellants Israel Blackman and Discover Group, Inc. (*see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840 [2009]; *Copart of Conn., Inc. v Long Is. Auto Realty, LLC*, 42 AD3d 420, 421 [2007]). Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.