■ MORDECHAI PERL, Respondent, v ASPROMONTE REALTY CORPORATION, Appellant, et al., Defendants. ZINA F. ZUCCO et al., Intervenors-Appellants.—In an action for specific performance of a contract for the sale of real property, the appeal is from an amended order of the Supreme Court, Kings County (I. Aronin, J.), dated October 1, 1987, which denied the motion of Zina Ferrara Zucco and Johanna Scotto for leave to intervene and to interpose an answer on behalf of the defendant Aspromonte Realty Corporation and to vacate a default judgment entered against Aspromonte.

Ordered that the amended order is affirmed, with costs.

We find that the Supreme Court did not abuse its discretion in denying intervention in the present case. The motion to intervene was premised upon CPLR 1012 (a) (2) which provides for intervention by a third party as of right when the representation of that person's interest by the parties is inadequate and that person is or may be bound by the judgment, and CPLR 1012 (a) (3), which provides for intervention by a third party as of right, *inter alia,* in an action involving the disposition of property where that person may be ad-

versely affected by the judgment. However, it has been held under liberal rules of construction that whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013 is of little practical significance *(see, Matter of Norstar Apts. v Town of Clay,* 112 AD2d 750; *Plantech Hous. v Conlan,* 74 AD2d 920, 921, *appeal dismissed* 51 NY2d 862). Thus, intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings *(see, Guma v Guma,* 132 AD2d 645; *Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, *affd* 61 NY2d 695; *Plantech Hous. v Conlan, supra).* Upon our review of the motion papers and the testimony elicited at the hearing, we find the evidence of the interest of the appellants Zucco and Scotto in the subject matter of this litigation insufficient to warrant intervention.

Our disposition on the issue of intervention renders it unnecessary to reach any other issues raised on this appeal. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.