■ In the Matter of ROBERT B. BERNSTEIN, Respondent, v PAUL J. FEINER et al., Respondents. JAY LEON et al., Proposed Intervenor-Appellants. [842 NYS2d 556]—

In a hybrid proceeding pursuant to CPLR article 78 and action for a judgment declaring, inter alia, that the budget for the respondent Town of Greenburgh for the fiscal year 2006 improperly imposes the cost of maintaining certain park and recreational facilities that are open to all Town of Greenburgh residents solely on the owners of property in the unincorporated area of the Town, the proposed intervenors appeal, by permission, from an order of the Supreme Court, Westchester County (Cacace, J.), dated August 11, 2006, which denied their motion for leave to intervene.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the motion for leave to intervene is granted.

The petitioner, a resident of the unincorporated area of the Town of Greenburgh, commenced this hybrid proceeding pursuant to CPLR article 78 and action for a judgment declaring, inter alia, that the Town's 2006 budget improperly imposes the cost of maintaining certain park and recreational facilities that are open to all Town residents solely on the owners of property

in the unincorporated area of the Town, in violation of Town Law § 232. The Mayors of the Incorporated Villages of Ardsley, Dobbs Ferry, Elmsford, Hastings-on-Hudson, Irvington, and Tarrytown, each alleging that they are tax-paying property owners in their respective Villages, and the Villages of Elmsford and Hastings-on-Hudson, which also allegedly pay Town taxes (hereinafter collectively the proposed intervenors), moved for leave to intervene as respondents. They contend that the method of allocation used in the Town budget is mandated by a special law (L 1982, ch 891), and that they have a substantial interest as taxpaying property owners in the outcome of the proceeding because, if the petitioner prevails, approximately $10 million in expenses will be shifted from the budget for the unincorporated area to the Town-wide budget, approximately 50% of which is taxed to village residents.

We conclude that the Supreme Court improvidently exercised its discretion in denying the proposed intervenors' motion for leave to intervene. CPLR 7802 (d), which authorizes the court to allow "interested persons" to intervene, "grants the court broader power to allow intervention in an article 78 proceeding than is provided pursuant to either CPLR 1012 or 1013 in an action" (*Matter of Elinor Homes Co. v St. Lawrence,* 113 AD2d 25, 28-29 [1985]). As a general matter, "intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (*County of Westchester v Department of Health of State of N.Y.,* 229 AD2d 460, 461 [1996]). Since the proposed intervenors, as property owners in the incorporated villages of the Town, face substantial property tax increases if the petitioner prevails, they have a substantial interest in the outcome of the proceeding and should have been granted leave to intervene in the article 78 proceeding. The Villages have an additional interest in this matter since the law upon which the Town relies provides that the cost of a park may be imposed on village taxpayers only if the board of trustees of the village determines by resolution, subject to permissive referendum, that it is "in the public interest of the residents of such incorporated village to use the public park" (L 1982, ch 891, § 3). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.