■ WELLS FARGO BANK, NATIONAL ASSOCIATION, Plaintiff, v VERONE McLEAN, Defendant/Third-Party Plaintiff-Respondent, and MAXINE GORDON, Defendant/Third-Party Defendant-Respondent, et al., Defendants, et al., Third-Party Defendant. NARI, INC., Doing Business as FIRESTONE CONSTRUCTION COMPANY, Proposed Intervenor-Appellant. (And Another Third-Party Action.) [894 NYS2d 487]—

In an action to foreclose a mortgage, the proposed intervenor, NARI, Inc., doing business as Firestone Construction Company, appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered March 4, 2009, which denied its motion pursuant to CPLR 1012 (a) (3) or 1013 for leave to intervene in the action.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with one bill of costs, and that branch of the motion of NARI, Inc., doing business as Firestone Construction Company, which was for leave to intervene pursuant to CPLR 1013 is granted.

Upon a timely motion, a person is permitted to intervene as of right in an action involving the disposition of property where that person may be adversely affected by the judgment (see CPLR 1012 [a] [3]; Velazquez v Decaudin, 49 AD3d 712, 717 [2008]; George v Grand Bay Assoc. Enter. Inc., 45 AD3d 451, 452 [2007]; Greenpoint Sav. Bank v McMann Enters., 214 AD2d 647 [1995]; but see Citibank, N.A. v Plagakis, 8 AD3d 604, 605 [2004]). In addition, a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or

fact (*see* CPLR 1013). Whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings (*see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840 [2009]; *Matter of Bernstein v Feiner*, 43 AD3d 1161, 1162 [2007]; *Sieger v Sieger*, 297 AD2d 33, 36 [2002]; *County of Westchester v Department of Health of State of N.Y.*, 229 AD2d 460, 461 [1996]; *Perl v Aspromonte Realty Corp.*, 143 AD2d 824, 825 [1988]). In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party (*see Reliance Ins. Co. of N.Y. v Information Display Tech.*, 2 AD3d 701 [2003]).

The defendant/third-party plaintiff, Verone McLean, was the original record owner of a house in Elmont (hereinafter the subject property), which was subject to a mortgage given to the plaintiff's assignor to secure a loan McLean used to purchase the property. Shortly after McLean purchased the subject property, a fire occurred therein, and McLean filed a claim for fire damages against her insurer, Allstate Insurance Company (hereinafter the insurer). Thereafter, the defendant Maxine Gordon, a tenant residing at the subject property, allegedly converted, to her own use, the insurance proceeds paid by the insurer. Subsequently, Gordon also allegedly signed a forged deed transferring the subject property to her, and entered into a construction contract with the proposed intervenor, NARI, Inc., doing business as Firestone Construction Company (hereinafter NARI), a fire restoration company, to repair the fire damage.

Sometime thereafter, McLean defaulted on the mortgage, and the plaintiff commenced this foreclosure action against her and Gordon. In the main foreclosure action, McLean asserted three cross claims against Gordon. Subsequently, McLean commenced a third-party action against, among others, Gordon and her attorney. McLean's claims were, in part, predicated on Gordon's alleged fraudulent transfer to herself of title to the subject property and the subsequent conversion of the insurance funds. In the foreclosure action, the Supreme Court awarded the plaintiff mortgagee summary judgment on the complaint. The court also granted that branch of the plaintiff's motion which was to direct its loan servicer to deposit into court the insurance proceeds that were remaining at that time, after some payments had been made to NARI. NARI subsequently moved pursuant to CPLR 1012 (a) (3) or 1013 for leave to intervene in the action.

In its proposed complaint, NARI asserted causes of action against Gordon to recover damages for breach of contract and fraud, and against McLean and the plaintiff to recover in quantum meruit for the value of the repair services allegedly performed at the subject property, and for which it had not been paid. Based on the foregoing, there are common questions of law and fact pertaining to the various fraud claims asserted by McLean in the main action and NARI in its proposed complaint. Moreover, NARI has demonstrated a real and substantial interest in the disbursement of the remaining insurance proceeds and, thus, in the outcome of the action (*see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840 [2009]; *Matter of Bernstein v Feiner*, 43 AD3d at 1162; *Sieger v Sieger*, 297 AD2d at 36; *County of Westchester v Department of Health of State of N.Y.*, 229 AD2d at 461; *Perl v Aspromonte Realty Corp.*, 143 AD2d at 825).

Accordingly, under the circumstances of this case, the Supreme Court should have granted NARI leave to intervene pursuant to CPLR 1013. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.