■ GLOBAL TEAM VERNON, LLC, Respondent, v VERNON REALTY HOLDING, LLC, et al., Defendants, and POSILLICO ENVIRONMENTAL, INC., Formerly Known as BLUE WATER ENVIRONMENTAL, INC., Respondent. BARUCH SINGER et al., Intervenors-Appellants.
[941 NYS2d 631]—

In an action to foreclose a mortgage, the intervenors, Baruch Singer and River East City, LLC, appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 30, 2010, as, upon granting that branch of their motion pursuant to CPLR 1012 and 1013 which was for leave to intervene in the action in their capacity as judgment creditors in a related action, denied that branch of their motion pursuant to CPLR 1012 and 1013 which was for leave to intervene in the action as vendee lienors and, thereupon, precluded them from serving an answer including any affirmative defense, counterclaim, or cross claim based upon their alleged status as contract vendees.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.

In October 2005 Vernon Realty Holding, LLC (hereinafter Vernon Realty), entered into a contract of sale to convey certain real property located in Long Island City (hereinafter the Property) to Baruch Singer and a business entity controlled by him, River East City, LLC (hereinafter together the Singer parties). Thereafter, Vernon Realty and the Singer parties amended the contract of sale several times and extended the closing date. After the Singer parties failed to appear at the final extended closing, Vernon Realty commenced an action entitled *Vernon Realty Holding, LLC v Singer*, in the Supreme Court, Queens County, under index No. 20084/06 (hereinafter the Vernon Realty action), seeking, inter alia, a judgment declaring that the Singer parties were in default and that it is entitled to retain, as liquidated damages, all funds paid by the Singer parties under the contract. Upon the parties' respective motions for summary judgment in the Vernon Realty action, the Supreme Court determined that Vernon Realty was unable to tender title on the closing date, as promised in the contract of sale, and had

abandoned the contract by terminating it. The Supreme Court further determined that the Singer parties were entitled to the return of money paid to Vernon Realty totaling $54,650,000, pursuant to a contract provision which limited the Singer parties' remedy to money damages equivalent to all amounts paid toward the purchase price. On December 2, 2009, the Supreme Court entered judgment in the Vernon Realty action in favor of the Singer parties and against Vernon Realty in that principal sum.

In July 2009 Mutual Bank, a predecessor-in-interest to the plaintiff Global Team Vernon, LLC, commenced the instant action to foreclose upon a first priority mortgage on the Property, which had been recorded on June 10, 2008, and filed a notice of pendency against the Property.

In February 2010 the Singer parties moved for leave to intervene as party defendants in this action, based on their status as judgment creditors in the Vernon Realty action and their alleged status as vendee lienors against the Property pursuant to the contract of sale. In an order dated June 30, 2010, the Supreme Court granted that branch of their motion which was for leave to intervene as judgment creditors, but denied that branch of their motion which was for leave to intervene as vendee lienors, and, thereupon, precluded them from serving an answer including any affirmative defense, counterclaim, or cross claim based upon their alleged status as contract vendees.

Upon a timely motion, a person is permitted to intervene in an action as of right when, inter alia, "the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR 1012 [a] [3]). Additionally, a court, in its discretion, may permit a person to intervene, inter alia, "when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013). Whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013, is of little practical significance, since intervention should be permitted "where the intervenor has a real and substantial interest in the outcome of the proceedings" (*Wells Fargo Bank, N.A. v McLean*, 70 AD3d 676, 677 [2010]; *see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 843 [2009]; *Perl v Aspromonte Realty Corp.*, 143 AD2d 824, 825 [1988]).

Here, the Singer parties have a real and substantial interest in the outcome of the proceedings as judgment creditors. "Judgments docketed prior to the delivery of the referee's deed [in a foreclosure action] are liens on the realty that pass to the

surplus moneys, and are payable in order of priority of docketing" (*Warwick Sav. Bank v Long Is. Chap. K. of C. Social Serv., Inc.*, 253 App Div 276, 277 [1938]; *see Bennardo v Del Monte Caterers, Inc.*, 27 AD3d 503 [2006]).

However, the Singer parties failed to demonstrate that they had a real and substantial interest in the outcome of this foreclosure action based upon their alleged status as contract vendee lienors. Although a contract vendee whose contract is recorded is a necessary party to a foreclosure action (*see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 404-405 [1983]), the Singer parties concede that their contract was not recorded. Moreover, contrary to their contention that paragraph 10 of the subject contract gave them a vendee's lien, paragraph 5 (c) of the fifth amendment to the contract superseded that provision and limited their remedy against Vernon Realty to an action for money damages in the amount of their down payment. The Singer parties exercised their sole remedy under paragraph 5 (c) and obtained a money judgment. Thus, under the particular circumstances of this case, the Singer parties may not assert an equitable lien against the property in the amount of their down payment based upon their alleged status as contract vendees (*see Anderman v 1395 E. 52nd St. Realty Corp.*, 60 Misc 2d 437, 440 [1969]; *cf. Sloan v Pinafore Homes*, 38 AD2d 718 [1972]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the Singer parties' motion pursuant to CPLR 1012 and 1013 which was for leave to intervene in the action in their capacity as vendee lienors, thus precluding them from serving an answer including any affirmative defense, counterclaim, or cross claim based upon their alleged status as contract vendees (*see generally Matter of General Elec. Capital Bus. Asset Funding Corp. v Hakakian*, 300 AD2d 486, 487 [2002]). Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31787(U).]**