■ Thomas J. Spota, as District Attorney of Suffolk County, New York, et al., Respondents, v County of Suffolk, Appellant. Peter Nichols, Proposed Intervenor-Appellant. [973 NYS2d 657]—

In an action for a judgment declaring Local Law No. 27-1993 of the County of Suffolk unconstitutional as applied to the individual public offices held by the plaintiffs, the proposed intervenor, Peter Nichols, appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated September 25, 2012, as (a) denied his motion for leave to intervene in the action as a defendant, (b) denied his cross motion for summary judgment, in effect, declaring Local Law No. 27-1993 of the County of Suffolk constitutional, (c) granted the plaintiffs' motion for summary judgment on the complaint, and (d) denied the defendant's motion for summary judgment, in effect, declaring Local Law No. 27-1993 of the County of Suffolk constitutional, and (2) from a judgment of the same court entered November 8, 2012, which, upon the order, declared Local Law No. 27-1993 of the County of Suffolk unconstitutional as applied to the individual public offices held by the plaintiffs, and the defendant appeals from so much of the order as granted the plaintiffs' motion for summary judgment on the complaint and denied its cross motion for summary judgment, in effect, declaring Local Law No. 27-1993 of the County of Suffolk constitutional.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the appeal by the proposed intervenor, Peter Nichols, from the judgment is dismissed (*see* CPLR 5511), except insofar as it brings up for review so much of the order as denied his motion for leave to intervene in the action as a defendant and his cross motion for summary judgment, in effect, declaring Local Law No. 27-1993 of the County of Suffolk constitutional; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal by the defendant from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). Moreover the defendant's appeal from the order must also be dismissed as abandoned for the failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]).

The appeal by the proposed intervenor, Peter Nichols, from so much of the intermediate order as denied his motion for leave to intervene in the action as a defendant and his cross motion for summary judgment, in effect, declaring Local Law No. 27-1993 of the County of Suffolk constitutional, must also be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal by the proposed intervenor from those portions of the order are brought up for review and have been considered on his appeal from the judgment (*see* CPLR 5501 [a] [1]).

Upon a timely motion, a person is permitted to intervene in an action as of right when, among other things, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012 [a] [2]; *see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 843 [2009]). Additionally, the court, in its discretion, may permit a person to intervene, inter alia, "when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013). " 'However, it has been held under liberal rules of construction that whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013 is of little practical significance [and that] intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings' " (*Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d at 843, quoting *Perl v Aspromonte Realty Corp.*, 143 AD2d 824, 825 [1988]; *see Matter of Bernstein v Feiner*, 43 AD3d 1161, 1162 [2007]; *County of Westchester v Department of Health of State of N.Y.*, 229 AD2d 460, 461 [1996]; *Plantech Hous. v Conlan*, 74 AD2d 920, 920-921 [1980]).

Here, contrary to Nichols's contention, the Supreme Court properly denied his motion for leave to intervene in the action as a defendant. Although Nichols, who describes himself as a

"registered voter in the County of Suffolk and an active supporter of [his] constitutional right to pass and enforce term limit legislation," may indeed be interested in defending the local law in question, he failed to demonstrate that he has a "real and substantial interest" in the action (*Perl v Aspromonte Realty Corp.*, 143 AD2d at 825; *see Zara Contr. Co. v City of Glen Cove*, 22 Misc 2d 279, 280 [Sup Ct, Nassau County 1960]). Moreover, as the Supreme Court appropriately noted, he failed to show that any interest he did have would not be adequately represented by the defendant (*see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d at 844). Accordingly, the court properly denied Nichols's motion for leave to intervene. As only a party to an action may move for summary judgment, Nichols's cross motion for summary judgment was properly denied for lack of standing (*see* CPLR 3212).

Since Nichols could not intervene in the action, it follows that he may not claim to be aggrieved, within the meaning of CPLR 5511, by determinations made in the action other than the denial of his own motion and cross motion for leave to intervene and for summary judgment, respectively. Accordingly, he is precluded from seeking review of the Supreme Court's determinations granting the plaintiffs' motion for summary judgment and denying the defendant's motion for summary judgment (*see Tower Ins. Co. of N.Y. v Skate Key*, 273 AD2d 158 [2000]).

The parties' remaining contentions need not be reached in light of our determination. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.

Motion by the respondents, on appeals from an order of the Supreme Court, Suffolk County, dated September 25, 2012, and a judgment of the same court entered November 8, 2012, inter alia, in effect, to strike stated portions of the proposed intervenor-appellant's brief on the ground that it raises issues which are not properly before this Court. By decision and order on motion of this Court dated June 20, 2013, that branch of the motion which was to strike stated portions of the proposed intervenor-appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike stated portions of the proposed intervenor-appellant's brief is

denied as academic in light of our determination of the appeals (*see Spota v County of Suffolk*, 110 AD3d 785 [2013] [decided herewith]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.