■ In the Matter of JOHANNA LOUISE ALLEN RAMM, by Her Parent and Natural Guardian, CAROLYN RAMM THORNLOW, as a Beneficiary of the RICHARD M. and LAURA ALLEN TRUST under Agreement Dated December 26, 2003, Respondent, v BRIAN EDWARD ALLEN, Respondent. RICHARD M. ALLEN et al., Nonparty Appellants. [987 NYS2d 99]—

In a proceeding, inter alia, to remove Brian Edward Allen as trustee of the Richard M. and Laura Allen Trust and for an accounting of trust property, nonparties Richard M. Allen, Laura Allen, and the Richard M. Allen Charitable Trust appeal from an order of the Supreme Court, Westchester County (Tolbert, J.), dated September 24, 2012, which denied their motion, inter alia, for leave to intervene as party respondents and to vacate a prior order of the same court dated May 30, 2012.

Ordered that the order dated September 24, 2012, is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion which was for leave to the Richard M. Allen Charitable Trust to intervene as a party respondent, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion which was to vacate the order dated May 30, 2012, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In a trust agreement dated December 26, 2003, Richard M. Allen and Laura Allen (hereinafter together the grandparents) established a trust (hereinafter the subject trust) for the benefit of their grandchildren, including the petitioner, Johanna Louise

Allen Ramm (hereinafter Johanna). The trust agreement named Brian Edward Allen (hereinafter the father), who is Richard M. Allen's son and Johanna's father, as trustee. It further provided that, should the father be removed as trustee, Johanna's mother, Carolyn Thornlow (hereinafter the mother), would be appointed as the successor trustee. However, if no trustee was in office, the presiding partner at Cravath, Swaine & Moore, LLP, or its successor, could appoint a successor trustee of the subject trust, except that neither of the grandparents could be appointed as a successor trustee.

In January 2012, Johanna, by her mother, commenced this proceeding, inter alia, to remove the father as trustee of the subject trust, to appoint the mother as the successor trustee, and for an accounting. The mother gave notice of the proceeding only to the father, and the petition indicated that no other parties were entitled to notice. The father did not oppose the petition, and in an order dated May 30, 2012, the Supreme Court granted the relief sought.

In July 2012, the grandparents and the Richard M. Allen Charitable Trust (hereinafter the Charitable Trust) together moved, inter alia, for leave to intervene in this proceeding and to vacate the order dated May 30, 2012, arguing that, as the settlors and remainderman of the subject trust, respectively, they were interested persons whose interests would not be adequately represented by either the mother or the father, and that they were denied due process by not being given notice of the proceeding. Johanna, by her mother, opposed the motion, and the father did not respond to the motion. In an order dated September 24, 2012, the Supreme Court denied the motion, concluding, among other things, that the trust agreement itself named the mother as successor trustee, that the grandparents and the Charitable Trust (hereinafter collectively the proposed intervenors) lacked standing to intervene, the trust agreement specifically excluded the grandparents from serving as trustees, and that there was otherwise no basis for the proposed intervenors to intervene. The proposed intervenors appeal.

The grandparents, as settlors of the subject trust, lack standing to intervene in this proceeding. The trust agreement unambiguously provides that "the settlor[s] shall not be appointed as a trustee hereunder" (arts VII [C]; XII [6]) and that "[t]his agreement and all trusts established hereunder shall be irrevocable" (art IX). Accordingly, the grandparents no longer have an interest in the subject trust (cf. EPTL 7-1.7). Further, the trust agreement's contingent provisions, which provide that, under certain circumstances, trust assets may be distributed to de-

scendants of the grandparents (arts II [A]; V), do not confer an interest in the subject trust upon the grandparents themselves. Accordingly, the Supreme Court properly denied those branches of the motion which were for leave to the grandparents to intervene as party respondents.

However, the Charitable Trust, as a contingent remainder of the subject trust, has standing to intervene in this proceeding (*see Matter of Farone*, 65 NY2d 764 [1985]; *Matter of Epstein*, 277 AD2d 452 [2000]), and a real and substantial interest in the outcome of the proceeding (*see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 843 [2009]; *Perl v Aspromonte Realty Corp.*, 143 AD2d 824, 825 [1988]). Thus, the Supreme Court should have granted it leave to intervene as a party respondent (*see* CPLR 1012 [a] [2], [3]; *Global Team Vernon, LLC v Vernon Realty Holding, LLC*, 93 AD3d 819, 820 [2012]; *Wells Fargo Bank, N.A. v McLean*, 70 AD3d 676, 677 [2010]). Upon granting the Charitable Trust leave to intervene as a party respondent, the Supreme Court should have granted that branch of the motion which was to vacate the order dated May 30, 2012, removing the father as the trustee of the subject trust and appointing the mother as successor trustee of the subject trust, and thereupon directed that the petition be amended by adding the Charitable Trust as a party respondent and that the Charitable Trust be permitted to serve a verified answer and counterclaims if it be so advised. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.