■ In the Matter of the Estate of JAMES B. JERMAIN, Deceased. TRUSTEES OF THE PRESBYTERY OF ALBANY, Respondent; OFFICE OF THE ATTORNEY GENERAL CHARITIES BUREAU, Respondent. RULING ELDERS AND CONGREGATION OF THE JERMAIN MEMORIAL ECUMENICAL PRESBYTERIAN CHURCH, Proposed Intervenors-Appellants. [997 NYS2d 783]—

Lahtinen, J.P. Appeal from an order of the Surrogate's Court of Albany County (Doyle, S.), entered October 12, 2012, which denied a motion by the Ruling Elders and Congregation of the Jermain Memorial Ecumenical Presbyterian Church for, among other things, leave to intervene.

James B. Jermain (hereinafter decedent) died in 1897 and his will and codicils included a gift of $100,000 to be held in trust and used for the "Jermain Memorial Church," which at the time of his death was a Presbyterian Church—named after decedent—that decedent had paid to have constructed in the City of Watervliet, Albany County. As part of the probate proceeding involving decedent's testamentary instruments, petitioner and the Jermain Memorial Second Presbyterian Church of West Troy (hereinafter the JMSP Church) entered into a settlement providing that the $100,000 would be held by petitioner for the sole use and benefit of the JMSP Church.

In 2009, petitioner voted to dissolve the JMSP Church, an action that was challenged by the JMSP Church within the denominational hierarchy of the Presbyterian Church, but ultimately the removal was upheld with the JMSP Church no longer a Presbyterian Church. As part of a settlement of litigation with petitioner resulting from such removal, the congregation of the JMSP Church reincorporated under Religious Corporations Law article 10 as the nondenominational Jermain Memorial Ecumenical Presbyterian Church and it also received ownership of the church building in Watervliet that had been constructed with funds from decedent.

Petitioner commenced this proceeding in 2011 asking Surrogate's Court to exercise its cy pres power to reform the Jermain Legacy Fund, which was then about $133,000, by removing the restriction that the funds be used solely for the JMSP Church and instead permitting its use for Presbyterian churches within Albany County. After receiving notice of the proceeding from respondent, the Ruling Elders and Congregation of the Jermain Memorial Ecumenical Presbyterian Church (hereinafter the congregation) promptly moved to intervene as a party in the proceeding and also moved to prohibit petitioner's counsel from representing petitioner because of an alleged conflict of interest. Respondent supported the congregation's motion to intervene, but opposed the conflict of interest relief asserted regarding petitioner's counsel. Surrogate's Court denied the congregation's motion in its entirety, as well as its subsequent motion for reconsideration. The congregation appeals.

"Intervention is liberally allowed by courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action" (*Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [2010] [citation omitted]). "Whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (*Wells Fargo Bank, N.A. v McLean*, 70 AD3d 676, 677 [2010] [citations omitted]).

Here, decedent was a wealthy philanthropist who funded the construction of a church building, and he provided trust funds that have benefitted that church for over 100 years. The congregation provided some proof reflecting that decedent may have intended assistance to the church bearing his name to have precedence over any particular denominational affiliation. Although it is premature to determine whether the congregation will prevail, nonetheless the congregation will be impacted by this proceeding and should be afforded the opportunity to present its position. Moreover, as noted by respondent in supporting the congregation's application to intervene, issues are implicated in which the congregation may be a necessary party, including interpretation of the settlement agreement made during decedent's estate proceedings in 1897 as well as potential application of the Religious Corporations Law regarding the recent removal of the JMSP Church from the Presbyterian Church. Since the record demonstrates that the congregation has an interest in the proceeding, and there is no indication that intervention would cause undue delay or prejudice, the motion to intervene should have been granted (*see Town of N. Elba v Grimditch*, 96 AD3d 1305, 1306-1307 [2012]).

The remaining issues are academic or unavailing.

McCarthy, Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of the Ruling Elders and Congregation of the Jermain Memorial Ecumenical Presbyterian Church for leave to intervene; said motion granted; and, as so modified, affirmed.