█ MARY TRENT et al., Respondents, v MICHELLE JACKSON et al., Respondents, et al., Defendants. JOHN MAYNES et al., Proposed Intervenors-Appellants. [11 NYS3d 682]—

In an action, inter alia, to permanently enjoin the defendants from transferring, utilizing, or squandering funds held in accounts belonging to the Unkechauge Indian Tribe, the proposed intervenors appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated April 1, 2013, which denied their motion for leave to intervene in the action as plaintiffs.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs-respondents and the defendants-respondents appearing separately and filing separate briefs.

Upon a timely motion, a person is permitted to intervene in an action as of right when, among other things, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012 [a] [2]; see Spota v County of Suffolk, 110 AD3d 785, 786 [2013]; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 843 [2009]). In addition, the court, in its discretion, may permit a person to intervene, inter alia, "when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013; see Spota v County of Suffolk, 110 AD3d at 786). " 'However, it has been held under liberal rules of construction that whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013 is of little practical significance [and that] intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings' " (Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d at 843, quoting Perl v Aspromonte Realty Corp., 143 AD2d 824, 825 [1988]; see Spota v County of Suffolk, 110 AD3d at 786; Matter of Bernstein v Feiner, 43 AD3d 1161, 1162 [2007]; County of Westchester v Department of Health of State of N.Y., 229 AD2d 460, 461 [1996]; Plantech Hous. v Conlan, 74 AD2d 920, 920-921 [1980]).

Here, contrary to the contentions of the proposed intervenors, the Supreme Court properly denied their motion for leave to intervene in this action as plaintiffs. While the proposed intervenors allege that they have been improperly denied certi-

fication as blood-right members of the Unkechauge Indian Tribe (hereinafter the Tribe) and that they are the only group intent on acting in the best interest of the Tribe, it is undisputed that they are not certified voting members of the Tribe (*see e.g. Maynes v Unkechaug Tribal Council*, 2011 WL 43478, 2011 US Dist LEXIS 1481 [ED NY, Jan. 5, 2011, No. 10-CV-3989 (JS/ETB)]; *Maynes v Unkechaug Tribal Council*, Sup Ct, Suffolk County, Aug. 18, 2010, Fox Cohalan, J., index No. 39093/09). As such, they failed to demonstrate that they have a "real and substantial interest" in the outcome of the instant action, in which the plaintiffs, certified voting members of the Tribe, allege that the defendants, the majority of whom are members of the Unkechaug Tribal Council, breached their fiduciary duties owed to the Tribe (*Spota v County of Suffolk*, 110 AD3d at 786 [internal quotation marks omitted]; *see Perl v Aspromonte Realty Corp.*, 143 AD2d at 825). Moreover, the proposed intervenors failed to show that any interest that they did have would not be adequately represented by the plaintiffs (*see Spota v County of Suffolk*, 110 AD3d at 786; *Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d at 844). Accordingly, the Supreme Court properly denied the motion for leave to intervene. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.