Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch. (2018 NY Slip Op 06131)





Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch.


2018 NY Slip Op 06131


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-09317
 (Index No. 704996/13)

[*1]Roman Catholic Diocese of Brooklyn, New York, respondent, 
v
Christ the King Regional High School, defendant; Middle Village Preparatory Charter School, proposed intervenor-appellant.


Barton Gilman, LLP, New York, NY (Raphaella M. Poteau of counsel), for proposed intervenor-appellant.
Cullen and Dykman LLP, New York, NY (Cynthia Boyer Okrent of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring the parties' respective rights under an agreement dated August 31, 1976, the proposed intervenor Middle Village Preparatory Charter School appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered September 6, 2017. The order denied that proposed intervenor's motion for leave to intervene in the action and to stay enforcement of an order of the same court entered March 22, 2017, pending determination of the defendant's appeal from that order.
ORDERED that the appeal from so much of the order entered September 6, 2017, as denied that branch of the motion of the proposed intervenor Middle Village Preparatory Charter School which was to stay enforcement of the order entered March 22, 2017, is dismissed as academic in light of this Court's decision and order on motion dated October 23, 2017, staying enforcement of the order entered March 22, 2017, pending hearing and determination of this appeal; and it is further,
ORDERED that the order entered September 6, 2017, is reversed insofar as reviewed, on the facts and in the exercise of discretion, and that branch of the motion of the proposed intervenor Middle Village Preparatory Charter School which was for leave to intervene in the action is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In an agreement dated August 31, 1976 (hereinafter the 1976 Agreement), the plaintiff, the Roman Catholic Diocese of Brooklyn, New York (hereinafter the Diocese), agreed to convey title to a parcel of property in Middle Village to the defendant, Christ the King Regional High School (hereinafter CTK), "to have and to hold the same so long as [CTK] continues the operation of a Roman Catholic high school upon the premises" (see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 149 AD3d 994, 995). Further, the parties agreed that CTK "shall maintain and operate a Catholic high school in and upon the entire premises . . . and shall use [*2]the same for no other purpose not customarily or usually associated with such use" (see id. at 995).
Beginning in 2002, CTK leased a portion of the premises to Christ the King Continuing Education, Inc. (hereinafter CTKCE), which used the leased portion to operate a daycare and continuing education programs. In 2010, CTKCE leased an additional portion of the premises from CTK and, in 2013, CTKCE sublet the additional space to Middle Village Preparatory Charter School (hereinafter MVP) for use as a licensed charter middle school. In November 2013, the Diocese commenced this action seeking, inter alia, in effect, a judgment declaring that the 1976 Agreement contained a valid and enforceable covenant prohibiting CTK from using any portion of the property for any purpose other than for the operation of a Catholic high school, and to enjoin CTK from using any portion of the property as a charter school.
As is more fully explained in Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch. (_____ AD3d _____ [Appellate Division Docket No. 2017-03229; decided herewith]), the Diocese moved, inter alia, for summary judgment on the second cause of action, alleging breach of contract, and the Supreme Court granted that branch of the motion. Thereafter, MVP and CTKCE separately moved, inter alia, for leave to intervene as defendants in the action to protect their respective interests in the property. In separate orders, the court denied MVP's motion and CTKCE's motion (see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., _____ AD3d _____ [Appellate Division Docket No. 2017-09319; decided herewith]). MVP appeals from the order denying its motion.
Upon a timely motion, a person is permitted to intervene in an action as of right when, among other things, "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012[a][2]; see Trent v Jackson, 129 AD3d 1062, 1062; Spota v County of Suffolk, 110 AD3d 785, 786; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 843). In addition, the court, in its discretion, may permit a person to intervene, inter alia, "when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013; see Leonard v Planning Bd. of Town of Union Vale, 136 AD3d 866, 867-868; Trent v Jackson, 129 AD3d at 1062; Spota v County of Suffolk, 110 AD3d at 786; Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820). "However, it has been held under liberal rules of construction that whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013 is of little practical significance [and that] intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (Trent v Jackson, 129 AD3d at 1062 [internal quotation marks omitted]; see Spota v County of Suffolk, 110 AD3d at 786; Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d at 820; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d at 843). "In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677; see American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 621).
Here, both MVP and CTKCE demonstrated that they have a real and substantial interest in the outcome of the litigation and that, although their respective interests are aligned with those of CTK and with each other, CTK cannot fully represent those interests (see Mauro v Atlas Park, LLC, 99 AD3d 872; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d at 843-844; Matter of Bernstein v Feiner, 43 AD3d 1161, 1162; cf. Trent v Jackson, 129 AD3d at 1063; A.F.C. Enters., Inc. v New York City School Constr. Auth. [Maxwell High School], 71 AD3d 925, 926). Moreover, while MVP and CTKCE, as nonparties, would not be directly bound by a judgment in favor of the Diocese and against CTK, if the Diocese prevailed, CTK would be required to break its lease with CTKCE, which would in turn be forced to break its sublease with MVP. Under these circumstances, MVP and CTKCE should have been allowed to intervene (see Matter of Romeo v New York State Dept. of Educ., 39 AD3d 916, 917-918).
Although approximately 3½ years had passed between the commencement of this action and the filing of MVP's and CTKCE's separate motions to intervene, the matter had proceeded only to the summary judgment stage (see Halstead v Dolphy, 70 AD3d 639, 640; Poblocki [*3]v Todoro, 55 AD3d 1346, 1347; cf. Matter of Rutherford Chems., LLC v Assessor of Town of Woodbury, 115 AD3d 960, 961; U.S. Bank N.A. v Bisono, 98 AD3d 608, 609; Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737). Furthermore, the Diocese failed to point to any substantial prejudice it would suffer if MVP and CTKCE were permitted to intervene, and it is unlikely that substantial additional disclosure will be required.
Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of MVP's motion which was for leave to intervene.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court