Matter of Sclafani Petroleum, Inc. (2019 NY Slip Op 04951)





Matter of Sclafani Petroleum, Inc.


2019 NY Slip Op 04951


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-09923
 (Index No. 1573/16)

[*1]In the Matter of Sclafani Petroleum, Inc., etc., et al., nonparty-appellants. Melissa Calabro, etc., petitioner-respondent; Maureen Sclafani, et al., respondents-appellants, et al., respondent; Putnam County National Bank of Carmel, intervenor- respondent.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for nonparty-appellants and respondents-appellants.
McCabe & Mack, LLP, Poughkeepsie, NY (Richard R. DuVall of counsel), for intervenor-respondent.



DECISION & ORDER
In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of two closely held corporations, nonparties Sclafani Petroleum, Inc., and Liberty Petroleum, Inc., and Maureen Sclafani and Jerome Sclafani, appeal from an order of the Supreme Court, Putnam County (James F. Reitz, J.), dated August 14, 2017. The order, insofar as appealed from, granted that branch of the motion of Putnam County National Bank of Carmel which was pursuant to CPLR 1012(a) and 1013 for leave to intervene in the proceeding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
A judgment of the Supreme Court, Putnam County, dated May 17, 2011, awarded Putnam County National Bank of Carmel (hereinafter the bank) the principal sum of $2,081,959.01 against Louis Sclafani (hereinafter the decedent). The decedent died on August 26, 2012. In August 2015, the executor of the decedent's estate commenced this proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of Sclafani Petroleum, Inc., and Liberty Petroleum, Inc. (hereinafter together the corporations), two closely held corporations in which the decedent had held shares. Maureen Sclafani and Jerome Sclafani (hereinafter together the Sclafanis), who owned shares in the corporations, exercised their right of election pursuant to Business Corporation Law § 1118 to purchase the shares held by the estate at fair value. The record indicates that the estate had agreed, subject to court approval, to accept a buyout of the estate's interest in both corporations for substantially less than an appraised value. Subsequently, the bank, as a judgment creditor of the estate, moved, inter alia, pursuant to CPLR 1012(a) and 1013 for leave to intervene in the proceeding. The corporations and the Sclafanis opposed the motion. In the order appealed from, the Supreme Court, among other things, granted that branch of the bank's motion. The corporations and the Sclafanis appeal.
Upon a timely motion, a person is permitted to intervene in an action as of right, inter alia, "when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR 1012[a][3]; see Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820). Additionally, the court, in its discretion, may permit a person to intervene, among other things, "when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013; see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1394, 1396; Trent v Jackson, 129 AD3d 1062). However, "[w]hether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance, since intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings'" (Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d at 820, quoting Wells Fargo Bank, N. A. v McLean, 70 AD3d 676, 677; see Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 843; Perl v Aspromonte Realty Corp., 143 AD2d 824, 825).
Here, the bank, as a judgment creditor of the estate, demonstrated that it has a real and substantial interest in the outcome of the litigation relating to the valuation of the shares held by the estate. Furthermore, the appellants failed to point to any substantial prejudice that they would suffer if the bank was permitted to intervene (see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d at 1397). Under the circumstances, the Supreme Court providently exercised its discretion in granting that branch of the bank's motion which was pursuant to CPLR 1012(a) and 1013 for leave to intervene in the proceeding.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court