Phoenix Life Ins. Co. v Jacob P Ilit A (2019 NY Slip Op 08588)





Phoenix Life Ins. Co. v Jacob P Ilit A


2019 NY Slip Op 08588


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08863
 (Index No. 7550/09)

[*1]Phoenix Life Insurance Company, respondent,
v
Jacob P Ilit A, et al., defendants, Edward Pinkesz, nonparty-appellant.


Law Office of Susie Chovev, Esq. PLLC, Cedarhurst, NY, for nonparty-appellant.
Abrams, Fensterman, Fensterman, Eisman Formato, Ferrara & Wolf, Brooklyn, NY (Susan Mauro of counsel), for respondent.



DECISION & ORDER
In an action to rescind three life insurance policies and for a judgment declaring that the policies are null and void, nonparty Edward Pinkesz appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated May 18, 2018. The order denied his motion pursuant to CPLR 1012(a)(3) for leave to intervene in the action as a defendant.
ORDERED that the order is affirmed, with costs.
In April 2009, the plaintiff commenced this action against various trusts and trustees, as defendants, to rescind three life insurance policies and for a judgment declaring that the policies are null and void. In May 2018, nonparty Edward Pinkesz (hereinafter the appellant) moved pursuant to CPLR 1012(a)(3) for leave to intervene in the action as a defendant, asserting that he was the true owner of two of the subject policies. The Supreme Court denied the appellant's motion.
A person is permitted to intervene in an action as of right when, among other things, "the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR 1012[a][3]). "A motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought" (CPLR 1014; see New Hope Missionary Baptist Church, Inc. v 466 Layfayette Ltd., 169 AD3d 811, 812). Further, "[i]ntervention under CPLR 1012 . . . requires a timely motion" (Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108; see CPLR 1012).
Here, it is undisputed that the appellant failed to submit a proposed answer, thereby failing to comply with CPLR 1014 (see New Hope Missionary Baptist Church, Inc. v 466 Layfayette Ltd., 169 AD3d at 812; Beneficial Homeowner Serv. Corp. v Chambers, 145 AD3d 750, 752). Moreover, the appellant's motion was not timely, as he did not move for leave to intervene until nine years after commencement of this action despite being aware of the action (see Fulton Holding Group, LLC v Lindoff, 165 AD3d 1045, 1047; JP Morgan Chase Bank, N.A. v Edelson, 90 AD3d 996, 997). Furthermore, the appellant's submissions failed to demonstrate that he has a "real and substantial interest in the outcome of the proceedings" (Perl v Aspromonte Realty Corp., 143 AD2d 824, 825; see Trent v Jackson, 129 AD3d 1062, 1062-1063).
The appellant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the appellant's motion.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court