Sharestates Invs., LLC v Hercules (2019 NY Slip Op 09314)





Sharestates Invs., LLC v Hercules


2019 NY Slip Op 09314


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-00912
 (Index No. 70745/15)

[*1]Sharestates Investments, LLC, respondent,
v
Anyekache Hercules, et al., defendants; James Julius, nonparty-appellant. DLA Piper LLP (US), Albany, NY (Jeffrey D. Kuhn of counsel), for nonparty-appellant.


Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Claudia G. Jaffe of counsel), for respondent.



DECISION & ORDER
In an action to impose an equitable lien upon real property, nonparty James Julius appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 20, 2017. The order, insofar as appealed from, denied those branches of the motion of nonparty James Julius which were pursuant to CPLR 1012(a)(3) and/or 1013 for leave to intervene in the action and, thereupon, to vacate a default judgment dated May 9, 2016, awarding the plaintiff an equitable lien upon the subject property in the principal sum of $1,500,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 24, 2015, Kurt Jones and Anyekache Hercules (hereinafter together the Jones defendants), as husband and wife, executed a mortgage on certain real property in Westchester County (hereinafter the Westchester property) in favor of James Julius. Thereafter, on December 18, 2015, Sharestates Investments, LLC (hereinafter the plaintiff), commenced this action against the Jones defendants pursuant to RPAPL article 15, seeking to impose an equitable lien upon the Westchester property in the principal sum of $1,500,000. The plaintiff alleged in the complaint that the loan proceeds from a mortgage on a property in Brooklyn were deposited in the IOLA account of Hercules, an attorney who purported to represent the seller in that transaction; that the Jones defendants then used the loan proceeds to purchase the Westchester property; and that Hercules was not authorized to use the loan proceeds to purchase the Westchester property. Also on December 18, 2015, the plaintiff filed a notice of pendency against the Westchester property. On January 12, 2016, Julius recorded the mortgage given to him by the Jones defendants in the Office of the Westchester County Clerk.
In an order dated April 14, 2016, the Supreme Court, inter alia, granted the plaintiff's motion for leave to enter a default judgment against the Jones defendants. On May 9, 2016, the court issued a judgment awarding the plaintiff an equitable lien upon the Westchester property in the principal sum of $1,500,000 as of December 18, 2015, the date of the filing of the notice of pendency. In December 2016, Julius moved, inter alia, pursuant to CPLR 1012(a)(3) and/or 1013 for leave to intervene in the action and, thereupon, to vacate the default judgment. In an order dated [*2]January 20, 2017, the court denied those branches of Julius's motion. Julius appeals.
Upon a timely motion, a person is permitted to intervene in an action as of right, among other things, "when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR 1012[a][3]; see Matter of Sclafani Petroleum, Inc., 173 AD3d 1042; Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820). Additionally, the court, in its discretion, may permit a person to intervene, among other things, "when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013; see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1394, 1396; Trent v Jackson, 129 AD3d 1062).
Here, Julius's motion for leave to intervene was untimely, as he made the motion approximately one year after the plaintiff filed its notice of pendency, approximately eight months after the Supreme Court granted the plaintiff's motion for leave to enter a default judgment, and approximately seven months after the court issued the default judgment (see T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066; Vacco v Herrera, 247 AD2d 608, 608-609; cf. ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774).
Accordingly, we agree with the Supreme Court's determination to deny those branches of Julius's motion which were for leave to intervene in the action and, thereupon, to vacate the default judgment.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court