Ubillus-Tambini v Ischakov (2022 NY Slip Op 51265(U))

[*1]

Ubillus-Tambini v Ischakov

2022 NY Slip Op 51265(U) [77 Misc 3d 135(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2019-1609 Q C

Cesar A. Ubillus-Tambini, Plaintiff,
and Liberty Mutual Insurance Company, Intervenor-Respondent
against
Alik Ischakov and Allure Transportation, Inc., Appellants.

Cobert, Haber & Haber (David C. Haber of counsel), for appellants.
Marschhausen & Fitzpatrick, P.C. (Kevin Fitzpatrick of counsel) for
intervenor-respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Lance Evans, J.), dated February 21, 2019. The order granted the branch of a motion by
Liberty Mutual Insurance Company seeking leave to intervene as a party-plaintiff
pursuant to CPLR 1013.

ORDERED that the order is affirmed, without costs.
During the course of his employment, plaintiff was struck by a vehicle that was
owned by defendant Allure Transportation, Inc. and operated by defendant Alik
Ischakov. As a result of the injuries plaintiff sustained in the accident, Liberty Mutual
Insurance Company (Liberty, the proposed intervenor herein), in its capacity as the
workers' compensation insurer for plaintiff's employer, paid $371,874.49 to and/or for
the benefit of plaintiff. In 2010, plaintiff commenced this action in the Supreme Court,
Queens County, seeking to recover damages for the serious injuries he allegedly
sustained. The action was subsequently removed to the Civil Court, Queens County,
pursuant to CPLR 325 (d). 
At the time plaintiff commenced this action and for several years thereafter, he was
[*2]represented by counsel. However, in an order dated
May 9, 2018, the Civil Court (Philip Hom, J.) granted a motion by plaintiff's attorney to
be relieved as counsel. Liberty then moved for leave to intervene as a party-plaintiff,
pursuant to CPLR 1012 and 1013, on the ground that it had a statutory lien of
$371,874.49 which was no longer being adequately represented. In its motion papers,
Liberty indicated that it would only intervene if plaintiff did not retain new counsel. In
their opposition to the motion, defendants argued that, by his participation at court
conferences, plaintiff had demonstrated his intention to continue to pursue the action;
that plaintiff had the right to be self-represented; that Liberty's participation in the trial
could confuse the jury; and that intervention could create an adversarial posture between
plaintiff and Liberty. The papers submitted in support of and in opposition to the motion
established that defendants' insurance policy had a $300,000 limit. Plaintiff did not
submit any papers with respect to Liberty's motion. In an order dated February 21, 2019,
the Civil Court granted the branch of Liberty's motion seeking permissive intervention
(see CPLR 1013). This appeal by defendants ensued.
CPLR 1012 (a) (2) authorizes intervention as of right "when the representation of the
person's interest by the parties is or may be inadequate and the person is or may be bound
by the judgment . . . ." Discretionary intervention is available, in relevant part, "when the
person's claim or defense and the main action have a common question of law or fact"
(CPLR 1013). "[U]nder liberal rules of construction . . . whether intervention is sought as
a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013 is
of little practical significance . . . [and] intervention should be permitted where the
intervenor has a real and substantial interest in the outcome of the proceedings" (Roman Catholic Diocese of
Brooklyn, NY v Christ the King Regional High Sch., 164 AD3d 1394, 1396
[2018] [internal quotation mark omitted]; see US Bank N.A. v Carrington, 179 AD3d 743 [2020]; Matter of Sclafani Petroleum,
Inc., 173 AD3d 1042 [2019]). 
Section 29 of the Workers' Compensation Law, "read in its entirety and in context,
clearly reveals a legislative design to provide for reimbursement of the compensation
carrier whenever a recovery is obtained in tort for the same injury that was a predicate for
the payment of compensation benefits" (Matter of Beth V. v New York State Off. of Children & Family
Servs., 22 NY3d 80, 91 [2013] [internal quotation mark and emphasis omitted]).
To that end, it establishes a statutory lien for workers' compensation carriers on the
proceeds of lawsuits against third-party tortfeasors (see Workers' Compensation
Law § 29 [1]; see also
Matter of Terranova v Lehr Constr. Co., 30 NY3d 564, 567 [2017]), which lien
has been described as inviolable (see Matter of Granger v Urda, 44 NY2d 91, 96
[1976]; see also Estevez v
Public Defender Trust, 62 Misc 3d 199, 203 [Sup Ct, Westchester County
2018]). Although "[i]n 2009, the legislature enacted General Obligations Law §
5-335 to protect a plaintiff who settles an action to recover damages for personal injuries
from being subject to certain subrogation or reimbursement claims" (Trezza v Trezza, 104 AD3d
37, 38 [2012]), the legislature specifically exempted subrogation or reimbursement
claims for the recovery of workers' compensation benefits from those protections
(see General Obligations Law § 5-335 [c]). Thus, Liberty's proposed
intervention in this action is premised on an inviolable statutory lien (see Matter of
Granger v Urda, 44 NY2d at 96).
Liberty's claim for a recovery based on its statutory lien arises from the same tort that
was a predicate for its payment of workers' compensation benefits. There are thus
common questions of law and fact between plaintiff's and Liberty's claims (see
CPLR 1013), Liberty has "a real and substantial interest in the outcome of the
proceedings" (Roman Catholic Diocese of Brooklyn, NY v Christ the King Regional
High Sch., 164 AD3d at 1396 [internal quotation mark omitted]; see Trent v Jackson, 129 AD3d
1062, 1062 [2015]), and plaintiff has not objected to Liberty's motion to intervene.
Defendants failed either to establish that the trial of the action would be unduly delayed
by reason of the proposed intervention or to demonstrate any prejudice to their
substantial rights that would arise therefrom. We thus conclude that the Civil Court did
not improvidently exercise its discretion in granting Liberty's motion for leave to
intervene as a party-plaintiff.
We reach no other issue.
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022