■ NILSA PEREZ et al., Appellants, v STEVE LEVY et al., Respondents. WILLIAM J. LINDSAY, Proposed Intervenor-Appellant. [946 NYS2d 184]—

In an action, inter alia, for a judgment declaring that Suffolk County Administrative Code § A9-6, commonly known as the Mary Hibberd Law, applies to the defunding and closure of the John J. Foley Skilled Nursing Facility, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 30, 2011, as denied their motion for summary judgment and granted the defendants' cross motion for summary judgment, and the proposed intervenor, William J. Lindsay, as presiding officer of the Suffolk County Legislature, separately appeals from so much of the same order as denied, as academic, his motion for leave to intervene in the action as a plaintiff.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Suffolk County Administrative Code § A9-6, commonly known as the Mary Hibberd Law, does not apply to the defunding and closure of the John J. Foley Skilled Nursing Facility.

The plaintiffs, three patients and one employee of the John J. Foley Skilled Nursing Facility (hereinafter the Facility), located in and owned and operated by Suffolk County, commenced this action, inter alia, for a judgment declaring that Suffolk County Administrative Code § A9-6, commonly known as the Mary Hibberd Law (hereinafter the Law), applies to the defunding and closure of the Facility. The plaintiffs argued that the defendants

failed to comply with the Law, which requires the County to follow certain procedures when a plan is presented to privatize the provision of certain health services that were previously provided through the Suffolk County Department of Health. The plaintiffs moved for summary judgment, and the defendants cross-moved for summary judgment, arguing that the Law does not apply to the defunding and closure of the Facility. In addition, William J. Lindsay, in his capacity as Presiding Officer of the Suffolk County Legislature, moved for leave to intervene in the action as a plaintiff. In the order appealed from, the Supreme Court denied the plaintiffs' motion, granted the defendants' cross motion, and denied, as academic, Lindsay's motion for leave to intervene.

When presented with a question of statutory interpretation, our primary consideration "is to ascertain and give effect to the intention of the Legislature" (*Riley v County of Broome*, 95 NY2d 455, 463 [2000] [internal quotation marks and citation omitted]). The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning (*see Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *Matter of State of New York v Ford Motor Co.*, 74 NY2d 495, 500 [1989]).

The Law, entitled "A Local Law to Regulate Privatization Initiatives at the County Department of Health Services," does not, by its plain and unambiguous terms, apply to the defunding and closure of County facilities, but rather applies to "any initiative to provide the delivery of [certain County-provided health services] through an alternative entity." We reject the plaintiffs' construction of the Law as including the closure of County health service facilities (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 74).

Since the Law is inapplicable to the defunding and closure of the Facility, the Supreme Court properly denied the plaintiffs' motion for summary judgment, and properly granted the defendants' cross motion for summary judgment. In light of the foregoing, the motion of William J. Lindsay for leave to intervene in the action as a plaintiff was properly denied as academic.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Suffolk County Administrative Code § A9-6, commonly known as the Mary Hibberd Law, does not apply to the defunding and closure of the John J. Foley Skilled Nursing Facility (*see Lanza v Wagner*, 11 NY2d 317 [1962], *ap-*

*peal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.
**[Prior Case History: 2011 NY Slip Op 31990(U).]**