■ CASTELLO SMITH et al., Plaintiffs, v PATRICIA WATSON et al., Appellants. KINGS COUNTY DISTRICT ATTORNEY'S OFFICE et al., Nonparty Respondents. [51 NYS3d 888]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 1, 2016, which denied defendants' motion to compel discovery, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court to

examine, in camera, the requested discovery to ascertain whether it falls under the "public interest" privilege.

Defendants sought production of nonparty respondent New York City Police Department's (NYPD) investigation file, and related documents concerning its investigation into the homicide of plaintiffs' decedent, a security guard employed by defendants. Initially, NYPD was properly provided notice of defendants' motion to compel, as demonstrated by the affirmation of service contained in the record, and because the motion to compel stated the "circumstances or reasons" that their discovery requests were "material and necessary" to defend against plaintiffs' action (*see* CPLR 3101 [a] [4]; *Matter of Kapon v Koch*, 23 NY3d 32, 34, 36-38 [2014]).

On the merits, the court erred in denying defendants' motion outright because of the prior denials of their requests for the same information under the Freedom of Information Law (FOIL). "CPLR article 31 is not a statute 'specifically exempt-[ing]' public records from disclosure under FOIL" and "no provision of FOIL bars simultaneous use of both" CPLR 3101 and FOIL to procure discovery (*Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 81 [1984]; *see also Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d 515, 516 [1st Dept 1989], *lv denied* 75 NY2d 707 [1990]; *cf. Marten v Eden Park Health Servs.*, 250 AD2d 44, 47 [3d Dept 1998]).

The "public interest" privilege did not justify the outright denial of defendants' motion, because the court did not engage in the requisite balancing of the public interest in encouraging witnesses to come forward to cooperate in pending criminal investigations against defendants' need for the documents to defend against plaintiffs' claim (*see Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1, 8 [1999]; *Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 117 [1974]; *Sanchez v City of New York*, 201 AD2d 325, 326 [1st Dept 1994]). Accordingly, we find that remittal to the motion court for in camera review of the requested files is appropriate in this case, to give the court the opportunity to conduct the proper balancing, in the first instance, of the interests of both parties (*see Colgate Scaffolding & Equip. Corp. v York Hunter City Servs., Inc.*, 14 AD3d 345 [1st Dept 2005]). Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.