Appeal and cross-appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered December 15, 2015. The order, insofar as appealed from, denied the motion of the defendant Ashad Ali, inter alia, to vacate a judgment of foreclosure and sale entered January 20, 2015, upon his failure to appear or answer the complaint. The order, insofar as cross-appealed from, denied, as academic, the motion of nonparty BH Hollis, LLC, for leave to intervene in the action.
 

 Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to nonparty BH Hollis, LLC, payable by the defendant Ashad Ali.
 

 The defendant Ashad Ali (hereinafter the defendant) owned an empty lot in Queens suitable for parking or storage. The plaintiffs purchased from the City of New York a tax lien on the defendant’s property for unpaid real estate taxes, water charges, and/or other municipal charges. In March 2014, the plaintiffs commenced this action to foreclose the tax lien, which resulted in a judgment of foreclosure and sale entered January 20, 2015. Nonparty BH Hollis, LLC (hereinafter BH), was the successful bidder at the auction and acquired title to the property by referee’s deed dated May 18, 2015, which was recorded on May 29, 2015.
 

 In July 2015, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale. Subsequently, BH moved for leave to intervene in the action as a defendant for the purpose of opposing the defendant’s motion. In an order entered December 15, 2015, the Supreme Court denied the defendant’s motion, and thereupon denied BH’s motion as academic. The defendant appeals, and BH cross-appeals.
 

 Contrary to the defendant’s contention, he failed to establish that the judgment of foreclosure and sale should be vacated in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 678 [2015]). We note that the defendant does not contend on appeal that he was not properly served (see CPLR 308), or that he is entitled to vacatur of the judgment of foreclosure and sale on the ground of excusable default (see CPLR 5015 [a] [1]).
 

 Accordingly, the Supreme Court properly denied the defendant’s motion, inter alia, to vacate the judgment of foreclosure and sale. As BH sought leave to intervene in this action to challenge the defendant’s motion and to protect its interest in the event that the judgment was vacated, the court properly denied BH’s motion as academic.
 

 Rivera, J.P., Miller, Maltese and Connolly, JJ., concur.