Matter of Levy v Suffolk County Dist. Attorney's Off. (2024 NY Slip Op 00424)

Matter of Levy v Suffolk County Dist. Attorney's Off.

2024 NY Slip Op 00424

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-05295
 (Index No. 609174/21)

[*1]In the Matter of Steve Levy, appellant-respondent,
v
Suffolk County District Attorney's Office, respondent-respondent; Newsday, LLC, nonparty- respondent-appellant.

Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola, Brittany Fiorenza, and Nicole Bohler of counsel), for appellant-respondent.
Ballard Spahr LLP, New York, NY (Alia L. Smith and David A. Schulz of counsel), for nonparty-respondent-appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to enjoin the respondent, Suffolk County District Attorney's Office, from disclosing a certain record in response to a request made pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, and nonparty Newsday, LLC, cross-appeals, from an order and judgment (one paper) of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated July 15, 2021. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding. The order and judgment, insofar as cross-appealed from, denied, as academic, the motion of nonparty Newsday, LLC, for leave to intervene.
ORDERED that the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In March 2011, the petitioner and the Suffolk County District Attorney's Office (hereinafter the District Attorney's Office) entered into a non-prosecution agreement resolving an investigation into alleged activities by the petitioner in his individual capacity and as Suffolk County Executive. In February 2021, nonparty Newsday, LLC (hereinafter Newsday), submitted a request to the District Attorney's Office for the production of the non-prosecution agreement pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to enjoin the District Attorney's Office from disclosing, in response to the FOIL request, the non-prosecution agreement. Subsequently, Newsday moved for leave to intervene in the proceeding for the purpose of opposing the petition. In an order and judgment dated July 15, 2021, the Supreme Court, among other things, denied the petition, dismissed the proceeding, and denied Newsday's motion as academic. The petitioner appeals, and Newsday cross-appeals.
The Supreme Court properly determined that any promise of confidentiality made to the petitioner did not afford a protection against disclosure of the non-prosecution agreement under FOIL and that the agreement should be released (see Matter of Washington Post Co. v New York [*2]State Ins. Dept., 61 NY2d 557). "FOIL imposes a broad duty on government agencies to make their records available to the public" (Matter of Eckel v Nassau County, 219 AD3d 1426, 1427). Contrary to the petitioner's contention, the exemption to disclosure pursuant to Public Officers Law § 87(2)(a), premised on CPLR 3101(d)(2), is not applicable (see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 81; Smith v Watson, 150 AD3d 487, 488).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. As Newsday sought leave to intervene in this proceeding to challenge the petition and protect its interest, the court properly denied Newsday's motion as academic (see NYCTL 2013-A Trust v Ali, 155 AD3d 762, 763; Perez v Levy, 96 AD3d 729, 730).
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court