Matter of Congregation Sfard & Talmud Torah of Flatbush (Wolbrom) (2024 NY Slip Op 04135)

Matter of Congregation Sfard & Talmud Torah of Flatbush (Wolbrom)

2024 NY Slip Op 04135

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-09371
 (Index No. 524911/18)

[*1]In the Matter of Congregation Sfard and Talmud Torah of Flatbush, respondent. Henry Wolbrom, proposed intervenor-appellant.

Ilana R. Schwitzer, Brooklyn, NY, for proposed intervenor-appellant.
McGrail & Bensinger LLP, New York, NY (Gabrielle Y. Vázquez, Katherine M. McGrail, and Patrick Train-Gutiérrez of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Religious Corporations Law § 18 for the judicial dissolution of a religious corporation, the proposed intervenor appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated October 4, 2022. The order, insofar as appealed from, denied, as academic, that branch of the proposed intervenor's cross-motion which was for leave to intervene in the proceeding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding pursuant to Religious Corporations Law § 18 for the judicial dissolution of itself as a religious corporation and for leave to sell its real property. In December 2021, the proposed intervenor cross-moved, inter alia, for leave to intervene in the proceeding to challenge the renewed petition. In an order dated October 4, 2022, the Supreme Court, among other things, denied the renewed petition and denied, as academic, that branch of the proposed intervenor's cross-motion which was for leave to intervene in the proceeding. The proposed intervenor appeals from so much of the order as denied that branch of his cross-motion which was for leave to intervene in the proceeding.
"As a general matter, 'intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings'" (Matter of Bernstein v Feiner, 43 AD3d 1161, 1162, quoting County of Westchester v Department of Health of State of N.Y., 229 AD2d 460, 461). Here, since the renewed petition was denied, the Supreme Court properly denied, as academic, that branch of the proposed intervenor's cross-motion which was for leave to intervene in the proceeding to challenge the renewed petition (see Matter of Levy v Suffolk County Dist. Attorney's Off., 223 AD3d 904, 905-906; Perez v Levy, 96 AD3d 729, 730; Matter of Spicer v Holihan, 158 AD2d 459, 460).
The parties' remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court